IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HEATHER SPURLOCK,**
**& SOPHIA CARRASCO,**

   **Plaintiff,**

v.          No. 1:09-cv-00786

**ANTHONY TOWNES &**
**BARBARA WAGNER**
**in their individual capacities, &**
**CORRECTIONS CORPORATION**
**OF AMERICA,**

   **Defendants.**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND DAMAGES

  Plaintiffs Heather Spurlock and Sophia Carrasco, through their counsel of record, Kennedy & Han, P.C., bring this Complaint for violation of their civil rights under the Eighth and Thirteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and for torts under the New Mexico Tort Claims Act. Plaintiffs allege as follows:

### JURISDICTION AND VENUE

  1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims.  Venue is proper in this district, as Defendants Townes and Wagner are residents of New Mexico, and Defendant Corrections Corporation of America is a registered foreign corporation which maintains a registered agent in Albuquerque, New Mexico. All of the acts complained of occurred in New Mexico.  Plaintiffs' causes of action arose in New Mexico.

## PARTIES

2. Plaintiff Heather Spurlock is a resident of the State of New Mexico.

3. Plaintiff Sophia Carrasco is a resident of the State of New Mexico.

4. Defendant Anthony Townes is a resident of the State of New Mexico. At all times relevant hereto, Defendant Townes was a corrections officer employed by Corrections Corporation of America.

5. Defendant Barbara Wagner is a resident of the State of New Mexico. At all times relevant hereto, Defendant Wagner was the Warden of Camino Nuevo private corrections facility and was directly employed by Corrections Corporation of America.

6. At all times material to this Complaint, Defendant Corrections Corporation of America (hereinafter "CCA") owned and operated the Camino Nuevo private corrections facility. At all times material to this Complaint, the Camino Nuevo facility was operated under contract with the State of New Mexico as a women's detention facility. Defendant CCA is a foreign corporation which maintains a registered agent in Albuquerque, New Mexico.

7. At all times material to this Complaint, Defendants Townes and Wagner were acting within the scope of their employment and under color of state law.  The individual Defendants are sued in their individual capacities.

8. At all times material to this Complaint, Defendant CCA was acting within the scope of its contractual relationship with the State of New Mexico and under color of state law.

## FACTUAL BACKGROUND

9. Acting under contract with the State of New Mexico to house minimum security

female inmates, Defendant CCA opened the Camino Nuevo detention center solely to female inmates in July 2006. The facility accepted it first inmates on July 14, 2006.

10. On information and belief, Defendant Wagner was the Warden of the Camino Nuevo facility beginning in July 2006, and she remained warden through all times relevant to the current Complaint.

11. On information and belief, Defendant Wagner was specifically responsible for conducting training and education for prison staff and correctional officers, as well as for hiring decisions, providing proper management and oversight of CCA employees, and developing appropriate formal and informal policies, customs and procedures for the facility.

12. On information and belief, Defendant Townes began employment at the Camino Nuevo facility in July 2006.

13. Before beginning work for Defendant CCA, Defendant Townes had no experience as a corrections officer.

14. Defendant Townes attended a course for corrections officers conducted by Defendant CCA. As part of this training, Defendant Townes was specifically trained on the use and deployment of surveillance cameras at the Camino Nuevo facility. He was trained to know the visual limits of the surveillance camera system and to know which areas of the facility were not covered by security cameras.

15. After completing his training, Defendant Townes began work at the Camino Nuevo facility, supervising minimum-security female inmates.

16. At the time of the events described herein, Defendants had assumed a legal duty to lawfully, safely and humanely operate the Camino Nuevo facility.

17. Defendant Heather Spurlock was incarcerated at the Camino Nuevo facility from

approximately July 2006 to August 2007.

19. 18. On or about February 13, 2007, Defendant Townes sexually assaulted Plaintiff Spurlock. Defendant Townes performed this assault in an area of the facility which he knew, through his training, was not observed on the surveillance camera system. At the conclusion of the assault, Defendant Townes specifically warned Plaintiff Spurlock that she should not tell anyone about the assault.

19. Approximately one week later, Defendant Townes again sexually assaulted Plaintiff Spurlock. Once again, the assault took place in an isolated area of the facility where, based on his training, Defendant Townes knew his actions would go unobserved on the surveillance cameras. At the conclusion of the assault, Defendant Townes again specifically warned Plaintiff Spurlock that she should not tell anyone about the assault.

20. On or about April 2, 2007, Plaintiff Spurlock was sexually assaulted for a third time by Defendant Townes. Once again, the assault occurred in an area where, by reason of his training, Defendant Townes knew that his actions would not be detected by the facility's camera system.

21. Between February 1 and March 31, 2007, Defendant Townes sexually assaulted Plaintiff Sophia Carrasco while she was an inmate at the Camino Nuevo facility. On information and belief, this assault also occurred in an area of the facility where Defendant Townes knew that his actions would not be recorded or observed by surveillance cameras.

22. On information and belief, immediately prior to perpetrating each of these assaults, Defendant Townes intentionally directed Plaintiffs Spurlock and Carrasco to areas of the facility where he knew, based on his training, that his assaults on these inmates would not be observed. Alternatively, Defendant Townes intentionally ordered Plaintiffs to remain in such

"off-camera" areas beyond the time period when the Plaintiffs would reasonably need to be in these unmonitored locations, and he did so with the specific intent of performing sexual assaults upon these inmates in unmonitored locations.

23. Defendant Townes knew, or reasonably should have known, that any sexual contact between correctional officers and inmates violated prison policy and New Mexico state criminal laws.

24. On information and belief, Defendant Townes sexually assaulted at least two other inmates between February 1, 2007 and August 14, 2007. During this time period, Defendant Townes retained clear authority to control and direct the daily actions of Plaintiffs Spurlock and Carrasco. Based on this clear authority, Plaintiffs maintained a real and reasonable fear of continued sexual assault by Defendant Townes.

25. On August 14, 2007, allegations regarding Defendant Townes's conduct were officially acknowledged, and he was placed on administrative leave as of August 17, 2007.

26. On information and belief, Defendant Townes was observed assaulting an inmate on at least one occasion, but this incident was never formally reported.

27. On information and belief, Defendant Wagner and Defendant CCA had knowledge of Defendant Townes's conduct months before the allegations were officially acknowledged.

28. On information and belief, Defendant Wagner and Defendant CCA maintained and supported a formal policy or informal custom which required inmates to show absolute obedience to corrections officers. Violation of this policy could result in harsh disciplinary actions.

29. As part of the policy of intimidation and humiliation, inmates who reported

assaults by Defendant Townes and who attempted to cooperate with law enforcement officers conducting an investigation into the assaults were forced to submit to unnecessary strip searches before and after police interviews, and they were intentionally compelled to walk past a line of correctional officers. On information and belief, these actions were ordered or directed by Defendant CCA and/or Defendant Wagner, and these actions served no legitimate penological goal. Instead, these actions were intended humiliate and punish inmates who cooperated with a legitimate police investigation.

30.     Neither Plaintiff Spurlock nor Plaintiff Carrasco consented to the sexual contact with Defendant Townes.

31.     At the specific time of each assault on Plaintiffs Spurlock and Carrasco, and at all other times relevant to this Complaint, Defendants CCA and Wagner did not have a policy or procedure in place which limited contact between female inmates and male corrections officers. To the contrary, policy at Camino Nuevo allowed male corrections officers to have sole custody and care of unsupervised female inmates.

## COUNT I -
## CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF EIGHTH AMENDMENT AGAINST DEFENDANT TOWNES

32.     Plaintiff incorporates paragraphs 1 through 31 as though fully set forth herein.

33.     By and through the actions described above, including both the specific incidents of sexual assault and the continuing, daily threat of renewed assaults, Defendant Townes violated the Eighth Amendment right of Plaintiffs Spurlock and Carrasco to be free from cruel or unusual punishment. In particular, Defendant Townes violated Plaintiffs' right to be afforded a reasonable degree of safety from serious bodily attack and to be secure in their bodily integrity.

34. The actions of Defendant Townes in assaulting Plaintiffs and violating their clearly established constitutional rights was effected in a manner that was objectively unreasonable, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiffs' rights.

35. Defendant Townes's unlawful sexual assaults, his violation of inmates' bodily integrity and right to personal security, and the ongoing threat of further such violations, proximately caused Plaintiffs to suffer damages and injuries. These damages include physical injuries, pain and suffering, lost liberty and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendant Townes, together with all costs and attorneys fees.

## COUNT II - 
## CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF EIGHTH AMENDMENT AGAINST DEFENDANT WAGNER AND CCA

36. Plaintiff incorporates paragraphs 1 through 35 as though fully set forth herein.

37. By and through the actions described above, including both the specific incidents of sexual assault and the continuing, daily threat of renewed assaults, Defendants Wagner and CCA violated the Eighth Amendment right of Plaintiffs Spurlock and Carrasco to be free from cruel or unusual punishment. In particular, Defendants Wagner and CCA violated Plaintiffs' right to be afforded a reasonable degree of safety from serious bodily attack and to be secure in their bodily integrity.

38. These Defendants were deliberately indifferent to Plaintiffs' constitutional rights. Defendants Wagner and CCA had specific knowledge of facts and circumstances which would have caused a reasonable person to conclude that a substantial risk of serious harm existed.

39.     Alternatively, the policies enacted and enforced by Defendants CCA and Wagner created such an obvious risk of serious harm that the Defendants' knowledge of this risk can be inferred as a matter of law.

40.     The manner in which Defendants CCA and Wagner violated Plaintiffs' clearly established constitutional rights was objectively unreasonable, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff's rights.

41.     Defendants' deliberate indifference to a substantial risk of harm allowed Defendant Townes to conduct unlawful sexual assaults and deprive inmates of their bodily integrity and violate their personal security. Thus, Defendants' deliberate indifference proximately caused Plaintiffs to suffer damages and injuries. These damages include physical injuries, pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendants Wagner and CCA, together with all costs and attorneys fees.

## COUNT III -
## IMPOSITION OF CONDITION OF SLAVERY OR INVOLUNTARY SERVITUDE IN VIOLATION OF THIRTEETH AMENDMENT AGAINST DEFENDANT TOWNES

42.     Plaintiff incorporates paragraphs 1 through 41 as though fully set forth herein.

43.     While incarcerated within the New Mexico corrections system, Plaintiffs Spurlock and Carrasco were subjected to a period of involuntary servitude. Such condition was constitutionally permissible as an express exception to the requirements of the 13th Amendment of the United States Constitution, so long as the condition of servitude was "a punishment for crime whereof the party shall have been duly convicted."

44.     By and through the actions described above, Defendant Townes imposed

conditions of servitude which were not punishment for any crime. Defendant Townes, by use of physical or legal coercion on Plaintiffs who were especially vulnerable to coercive techniques, violated the Thirteenth Amendment's prohibition against involuntary servitude. Specifically, Defendant Townes used the authority vested in him under color of state law to require Plaintiffs Spurlock and Carrasco to perform sexual chores which were not punishment for any crime. His actions thus violated the constitutional prohibition against forced labor.

45. Plaintiffs' condition of involuntary servitude extended beyond the specific incidents of compelled sexual activity and continued through all periods during which Defendant Townes exercised authority over Plaintiffs under color of state law.

46. The actions of Defendant Townes in subjecting Plaintiffs to conditions of involuntary sexual servitude violated their clearly established constitutional rights. Further, this violation was effected in a manner that was objectively unreasonable, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiffs' rights.

47. Defendant's unlawful infliction of involuntary sexual servitude proximately caused Plaintiffs to suffer damages and injuries. These damages include physical injuries, pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendant Townes, together with all costs and attorneys fees.

### COUNT IV - IMPOSITION OF CONDITION OF SLAVERY OR INVOLUNTARY SERVITUDE IN VIOLATION OF THIRTEETH AMENDMENT AGAINST DEFENDANTS WAGNER AND CCA

48. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

49. By and through the actions described above, Defendants Wagner and CCA

violated the Plaintiffs' Thirteenth Amendment right to be free of conditions of slavery or involuntary servitude. In particular, Defendants Wagner and CCA violated Plaintiffs' right by knowingly allowing a condition of constitutionally valid involuntary servitude as punishment for a crime to be transformed into to a prolonged period of compelled sexual slavery.

50. These Defendants were deliberately indifferent to Plaintiffs' constitutional rights. Defendants Wagner and CCA had specific knowledge of facts and circumstances which would have caused a reasonable person to conclude that a substantial risk of serious harm exists.

51. Alternatively, the policies enacted and enforced by Defendants CCA and Wagner created such an obvious risk of serious harm that the Defendants' knowledge of this risk can be inferred as a matter of law.

52. The manner in which Defendants CCA and Wagner violated Plaintiffs' clearly established constitutional rights was objectively unreasonable, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff's rights.

53. Defendants' deliberate indifference to a substantial risk of harm allowed Defendant Townes to unlawfully compel Plaintiffs to perform illegal sexual services and to be held in a continuing state of involuntary sexual servitude. Thus, Defendants' deliberate indifference proximately caused Plaintiffs to suffer damages and injuries. These damages include physical injuries, pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendants Wagner and CCA, together with all costs and attorneys fees.

### COUNT V – 
### INTENTIONAL TORT CLAIMS AGAINST DEFENDANTS TOWNES AND CCA

54. Plaintiff incorporates paragraphs 1 through 53 as though fully set forth herein.

55. The individual Defendants intentionally sexually assaulted, battered, falsely imprisoned and intentionally inflicted emotional distress on Plaintiffs Spurlock and Carrasco as described above during the period from February 1, 2007 through August 14, 2007.

56. Defendants' actions as set forth above proximately caused Plaintiffs damages and injuries. These damages include physical pain and suffering, lost liberty, and psychological and emotional distress.

57. Defendant CCA, the employer of both Defendant Townes and Defendant Wagner, is vicariously liable for torts these two Defendants committed within the scope and course of their duties as a corrections officer and as warden of the Camino Nuevo facility.

WHEREFORE, Plaintiffs request compensatory and damages against all Defendants, together with all costs and fees.

## COUNT VI –
## NEGLIGENT TRAINING, SUPERVISION, RETENTION AND MANAGMENT CLAIMS AGAINST DEFENDANTS WAGNER AND CCA

58. Plaintiff incorporates paragraphs 1 through 57 as though fully set forth herein.

59. Defendants Wagner and CCA were negligent in their duties to provide proper training, supervision and management of Defendant Townes. Additionally, Defendants CCA and Wagner were negligent in the manner in which they managed Defendant Townes in the period before the allegations against him were officially acknowledged.

60. Defendants' actions as set forth above were both the cause in fact and proximate cause of Plaintiffs' damages and injuries. These damages include physical pain and suffering, property damage, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and damages against all Defendants, together with all costs and fees.

## JURY TRIAL DEMAND

61. Plaintiffs hereby demand a trial by jury.

                                            Respectfully submitted,

                                            **KENNEDY & HAN, P.C.**

                                              /s/ Darin Foster
                                            PAUL J. KENNEDY
                                            MARY Y.C. HAN
                                            DARIN M. FOSTER
                                            Attorneys for Plaintiff
                                            201 12th Street N.W.
                                            Albuquerque, New Mexico 87102
                                            (505) 842-8662