IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HEATHER SPURLOCK & SOPHIA**
**CARRASCO,**

      **Plaintiffs,**

vs.                                                                                           **No. CIV 09-0786 WJ/DJS**

**ANTHONY TOWNES & BARBARA**
**WAGNER, in their individual capacities,**
**& CORRECTIONS CORPORATION OF**
**AMERICA,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** is before the Court on Defendant CCA and Wagner's Motion for Protective Order **[Doc. No. 41]** filed on January 28, 2009, and fully briefed on February 8, 2010. Defendants Corrections Corporation of America (CCA) and Barbara Wagner contend they will be producing documents and other items during the course of this litigation containing proprietary information, trade secrets, and confidential information relating to the operation of correctional facilities.  Defendants acknowledge it will be necessary to disclose such information to Plaintiffs' attorneys, experts and other witnesses.  However, Defendants move the Court for a protective order asserting that dissemination of this information to parties or entities not involved in this action would threaten the security and safety of inmates incarcerated in CCA facilities and former and current CCA personnel.  Defendants also assert CCA will be commercially harmed if its proprietary information falls into the hands of it competitors. Defendants request attorney fees and costs for having to file this motion.  Having reviewed the

motion and the parties' memoranda in support and in opposition, and the applicable law, the Court finds that the motion is well taken and will be granted.

## I. Background

Pursuant to a contract between CCA and the New Mexico Department of Corrections (NMDC), CCA operated the Camino Nuevo Correctional Center from 2006 to 2008. However, CCA never owned Camino Nuevo. NMDC currently operates Camino Nuevo as a youth offender facility.

CCA also is under contract with NMDC to operate New Mexico's Women's Correctional Facility (NMWCF) in Grants, New Mexico. CCA also operates Cibola County Correctional Facility and Torrance County Detention Facility, both located in New Mexico. These facilities house male offenders. NMWCF, Cibola County Correctional Facility and Torrance County Detention Facility use the same policies, with minor revisions, that CCA used at Camino Nuevo. Additionally, the policies used at Camino Nuevo also are used in other CCA facilities across the country. Moreover, Defendants contend CCA also follows the policies and procedures promulgated by NMDC, and NMDC makes available policies containing security sensitive information only pursuant to a protective order.

Defendants contend CCA's security sensitive information relate to "(1) investigative methods and techniques used to investigate allegations of staff or inmate misconduct; (2) the procedures and techniques relating to timing, frequency and method of conducting security patrols and inmate counts; (3) the procedures and techniques relating to search of visitors, monitoring of visitation to ensure contraband is not introduced into the facility, and search of inmates after visitation; (4) investigative methods and techniques for identifying predatory inmates within the prison population; (5) policies and procedures relating to securing tools and

keys; (6) information relating to what specific security equipment is located within specific locations of CCA's facilities; (7) investigative techniques, methods, and procedures used to detect the movement of contraband into or out of a facility through use of the mail and other channels; (8) information related to the frequency, timing, and method of conducting cell and common area searches; (9) information related to transportation of inmates, including the types of restraint methods used; and (10) information related to classification." Defs.' Reply at 4. Defendants argue CCA needs to protect the inmate population and promote public safety by restricting public dissemination of materials that could threaten the orderly operation of its correctional facilities across the country. *Id.* at 5, n.3.

Defendants also want to protect CCA's proprietary information. CCA competes with other private prison operators who operate prison facilities in New Mexico. For example, Cornell Companies operates the Regional Correctional Center in Albuquerque, New Mexico. Geo Group operates Guadalupe County Correctional Facility in Santa Rosa, New Mexico, Lea County Correctional Facility in Hobbs, New Mexico, and Northeast New Mexico Detention Facility in Clayton, New Mexico. Cornell and Geo Group are CCA's direct competitors. CCA contends it has invested significant resources in the development of its policies and procedures, training materials, and methods of doing business, giving it a competitive advantage over Cornell and Geo Group

To protect its proprietary materials, CCA contends all its proprietary materials bear the stamp, on each page, "Proprietary Information– Not for Distribution– Copyrighted Property of Corrections Corporation of America." Defs.' Mot. Protective Order at 4. Moreover, all of CCA's employees are under a directive to keep these materials confidential. Without a

protective order, CCA contends these proprietary materials would allow its competitors to obtain for free materials that CCA has spent years and several thousand dollars creating.

## II.  Discussion

Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure provides, in relevant part, that for **good cause shown**, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  FED.R.CIV.P 26(c)(1)(G).  "A party seeking to resist disclosure under [Rule 26(c)(1)(G)] must first establish that the information sought is trade secret or other confidential research, development, or commercial information and then demonstrate that its disclosure might be harmful."  *MGP Ingredients, Inc. v. Mars Inc.*, 245 F.R.D. 497, 500 (D.Kan. 2007)(citing *Centurion Indus., Inc. v. Warren Steurer & Assocs.,* 665 F.2d 323, 325 (10th Cir. 1981)).  Once these requirements are met, the burden shifts to the party seeking discovery to establish that the disclosure of confidential information/trade secrets is relevant and necessary to the action.  *Id.*  Finally, the Court must balance the need of the party seeking discovery of the trade secrets and confidential information against the opposing party's claim of injury resulting from the disclosure.  *Id.*

Plaintiffs argue that Defendants have not established a need for a protective order because they "have not established that production of any of the documents they are currently withholding from discovery would create "annoyance, embarrassment, oppression or undue burden."  Pls.' Resp. at unnumbered p. 4.  Plaintiffs also contend "Defendants never produced any type of privilege log identifying particular documents, as required by Rule 26(b)(5).

Plaintiffs miss the point.  Defendants are not asserting a privilege.  Moreover, Defendants are not seeking a protective order to shield CCA documents from Plaintiffs or their experts. Rather,  Defendants want to protect CCA's confidential/proprietary materials relating to the operation of its correctional facilities from parties or entities not involved in this action. Defendants seek a protective order "whereby they will produce un-redacted information that is security sensitive, confidential, and/or proprietary" and "afford Plaintiffs the broadest access to un-redacted discovery, while balancing their need to protect such information and keep it from the public realm."  Defs.' Reply at 6.

Defendants have met their burden of establishing good cause to protect CCA's confidential/proprietary and security sensitive materials from public dissemination.  Disclosure of CCA's confidential/proprietary materials to parties or entities not involved in this action would harm CCA commercially as it competitor would have access to its proprietary documents, and disclosure of security sensitive information would endanger the safety of inmates, CCA's current and former staff and the public.   Accordingly, the Court will grant Defendants' motion for a protective order.  However, the Court will deny Defendants' request for attorney fees and costs.

Defendants have requested a protective order identical to the Confidentiality Order entered in *McCann v. Moriarty*, CIV No. 01-0053 BB/DJS.  However, Defendants request the Court honor Plaintiffs' position that the protective order not apply to their confidential information.  The parties shall confer and submit a proposed protective order for the Court's review within seven (7) days from the entry of the Court's Memorandum Opinion and Order.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant CCA and Wagner's Motion for Protective Order is **GRANTED.**

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**