# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HEATHER SPURLOCK, SOPHIA
CARRASCO, & NINA CARRERA

       Plaintiffs,

  v.          NO. 1:09-cv-00786-WJ-DJS

ANTHONY TOWNES & BARBARA
WAGNER in their individual capacities, &
CORRECTIONS CORPORATION OF
AMERICA,

       Defendants.

## DEFENDANT CCA AND WAGNER'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

  Defendants Barbara Wagner and Corrections Corporation of America, pursuant to Federal Rule of Civil Procedure 12(c), move to dismiss all of Plaintiffs' state law claims as barred by the two-year statute of limitations set forth in the New Mexico Tort Claims Act. Plaintiffs' tort law claims relate to allegations that they were raped in the early part of 2007. Plaintiffs Spurlock and Carrasco, however, did not file their Complaint until August 12, 2009. Plaintiff Carrera filed her Complaint even later, on October 29, 2009. As a result, the Plaintiffs' state law claims are time barred.

  Defendants' Motion for Judgment on the Pleadings is supported by the following Memorandum of Points and Authorities and the entire record in this matter.

1027425 1

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **ALLEGATIONS IN PLAINTIFFS' COMPLAINT AND AMENDED COMPLAINT**

Plaintiff Spurlock and Carrasco filed their Complaint on August 12, 2009. Plaintiffs assert state law claims arising "under the New Mexico Tort Claims Act." *See* Plaintiffs' Complaint, ¶ 1. They further allege that at all times Defendant CCA was "acting within the scope of its contractual relationship with the State of New and under color of state law." *Id*. at ¶ 8.  The also allege that former Warden Wagner was at all times "acting under color of state law" and in the "course and scope" of her duties as Warden of Camino Nuevo.  *Id*. at ¶ 7 and 57.

Plaintiff Spurlock alleges that she was assaulted, at Camino Nuevo, on February 13, 2007, one week later, and on April 2, 2007. *Id*. at ¶¶ 18, 19, and 20.  Plaintiff was transferred from Camino Nuevo to a different facility, NMWCF, on August 6, 2007.

Plaintiff Carrasco alleges that she was assaulted, at Camino Nuevo, some time between February 1, 2007, and March 31, 2007. *Id*. at ¶21.  Plaintiff was transferred from Camino Nuevo to a different facility, NMWCF, on June 26, 2007.

On October 29, 2009, Plaintiffs filed their Amended Complaint, which added Nina Carrera as a Plaintiff.  In the Amended Complaint, Plaintiff Carrera alleges that she was

assaulted, at Camino Nuevo, some time between January 1, 2007 and August 14, 2007.[1] *See* Amended Complaint, ¶ 23.

In their Answers to Plaintiffs' Complaint and Plaintiffs' Amended Complaint, Defendants affirmatively alleged that Plaintiffs' state law claims were barred by the two-year statute of limitations set forth in the New Mexico Tort Claims Act.

**II.     LAW AND ARGUMENT**

   **A.     Motion for Judgment on the Pleadings.**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *See* Fed.R.Civ.Pro. 12(c). A 12(c) motion can be made any time after the pleadings are closed. *See Warzon v. Drew*, 60 F.3d 1234, 1237 (7th Cir. 1995) (where answer had already been filed, district court converted defendants' Rule 12(b)(6) motion for dismissal into a Rule 12(c) motion for judgment on the pleadings); *Carlson v. Reed*, 249 F.3d 876, 878 n.1 (9th Cir. 2001) (rejecting as "frivolous" an argument that a Rule 12(c) motion was granted prematurely where discovery had not yet been completed). A motion under Rule 12(c) is generally treated in the same manner as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G.&Y Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).

---

[1] Plaintiff Carrera has later significantly narrowed this time frame and alleges that the alleged assault occurred sometime between January and March of 2007. *See* Plaintiffs' Partial Motion for Summary Judgment.

### B. A Two-Year Statute of Limitations Applies to Plaintiffs' State Law Claims, Making these Claims Untimely.

In their Complaint and Amended Complaint, Plaintiffs affirmatively allege that their state law claims arise under the New Mexico Tort Claims Act. Plaintiffs' Complaint ¶ 1. Where a plaintiff seeks relief under the NMTCA, the claim must be brought within two years:

> Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death, except that a minor under the full age of seven years shall have until his ninth birthday in which to file. This subsection applies to all persons regardless of minority or other legal disability.

*See* NMSA 1978, § 41-4-15A; *see also Mata v. Anderson*, ---F.Supp.2d ---, No. Civ. 08-0046 JB/RLP, 2010 W.L. 520277 (D.N.M. Jan. 13, 2010)(in case alleging civil rights violations and state law torts, three-year statute of limitations applied to civil rights claims and two-year statute of limitations was to be applied to state law tort brought under the NMTCA).

Here, Plaintiff Spurlock's Complaint was not filed until August 12, 2009. Plaintiff's claims, however, relate to alleged conduct occurring, at the latest, on April 2, 2007. To be timely, Plaintiff Spurlock's Complaint must have been filed, at the latest, on April 2, 2009. Instead, Plaintiff Spurlock filed her Complaint over four months later, in August of 2009.

Likewise, Plaintiff Carrasco's Complaint was not filed until August 12, 2009. She alleges that she was assaulted, at the latest, on March 31, 2007. To be timely, Plaintiff Carrasco's Complaint for state law claims should have been filed, at the latest, by March 31, 2009. Instead, her Complaint was filed over four months later, in August of 2009.

Finally, Plaintiff Carrera's Amended Complaint was not filed until October 29, 2009. She alleges in her Amended Complaint that she was assaulted, at the latest, on August 14, 2007. To be timely, Plaintiff Carrera's Complaint for state law claims should have been filed, at the latest, on August 14, 2009. Instead, Plaintiff Carrera's Amended Complaint was not filed until over two months later, in October of 2009.

Plaintiffs' state law claims, arising under the NMTCA, must be dismissed based upon the two-year statute of limitations.

### III. **CONCLUSION**

Plaintiffs' state law claims are barred by the two-year statute of limitations. As a result, dismissal is appropriate.

                RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                By:  /s/ Aaron C. Viets
                    Aaron C. Viets
                P.O. Box 1888
                Albuquerque, New Mexico  87103-1888
                Telephone:     (505) 765-5900
                Facsimile:      (505) 768-7395
                aviets@rodey.com

                    and

JONES, SKELTON & HOCHULI, PLC
Daniel P. Struck
Christina Retts
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone:   (602) 263-1733
Facsimile:   (602) 200-7839
dstruck@jshfirm.com
cretts@jshfirm.com

Attorneys for Defendants *Barbara Wagner and Corrections Corporation of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2010, the foregoing was electronically filed through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Darin M. Foster
dfoster@kennedyhan.com
*Attorneys for Plaintiffs Heather Spurlock, Sophia Carrasco, and Nina Carrera*

Michael S. Jahner
mjahner@ylawfirm.com
*Attorney for Defendant Anthony Townes*

 /s/ Aaron C. Viets
Aaron C. Viets