**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**HEATHER SPURLOCK,
SOPHIA CARRASCO, &
NINA CARRERA**

    **Plaintiffs,**

**v.**             **CV 1:09-cv-00786 WPJ/DJS**

**ANTHONY TOWNES &
BARBARA WAGNER
in their individual capacities, &
CORRECTIONS CORPORATION
OF AMERICA,**

    **Defendants.**

**PLAINTIFFS' RESPONSE TO DEFENDANT CCA AND WAGNER'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

   Plaintiffs Heather Spurlock, Sophia Carrasco and Nina Carrera, by and through their attorneys of record, KENNEDY & HAN, P.C., hereby file this, their Response to Defendant CCA and Wagner's Motion for Judgment on the Pleadings [Doc. No. 71]. In support of this Response, Plaintiffs state as follows:

**INTRODUCTION:**

   Defendants' Motion focuses only on Plaintiffs' New Mexico state tort claims, and their argument is limited to a single issue: the statute of limitations. Defendants appear to argue that the only relevant dates for consideration in this matter are the dates of the rapes inflicted on Plaintiffs by Defendant Anthony Townes. Defendants also assume, without argument or justification, that they are "governmental entities or pubic employees" entitled to a shortened, two-year statute of limitations. Both of these simplistic assertions are incorrect. As will be

1

demonstrated below, Defendants CCA and Wagner are not entitled to the suggested two-year statute of limitations. Furthermore, the majority of the tort violations alleged by Plaintiffs were continuing in nature, and Plaintiffs' claims were thus properly filed even before the expiration of the shorter statute of limitations period suggested by Defendants.

## REVIEW OF DEFENDANTS' STATEMENT FACTS:

Plaintiffs do not dispute the basic facts presented by Defendants in their Motion. Plaintiffs Spurlock and Carrasco filed their initial complaint on August 12, 2009. By Amended Complaint, Plaintiff Carrera was added to the suit on October 29, 2009.

In the Complaint [Doc. No. 1] and Amended Complaint [Doc. No. 17], Plaintiffs provided certain dates, or ranges of dates, for the rapes. Plaintiff Spurlock was raped by Defendant Townes in February and April of 2007. Plaintiff Carrasco was raped in the months of February and March 2007. Defendant Nina Carrera was raped between January 1 and August 14, 2007. For purposes of this Motion, the Court may take Plaintiffs' well-pled allegations of rape as true, and may accept the dates provided as substantially correct.

## STANDARD OF REVIEW:

Defendants correctly state that motions filed under Rule 12(c) FRCP are generally treated in the same manner as a Rule 12(b)(6) motion. Under this standard, the Court is to construe the pleadings liberally and will not resolve any contested issues of fact. Instead, the Court is to accept all of the well-pleaded material allegations contained in Plaintiffs' Complaint and Amended Complaint as true. The Court will further make all reasonable inferences in the light most favorable to the non-moving party. A Rule 12(c) ruling against Plaintiffs is only proper

where the pleadings demonstrate beyond a doubt that the Plaintiffs cannot prove their claim, and that the moving party is entitled to judgment as a matter of law. See, eg, *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).


## LEGAL ARUGMENT:

### I.   *Defendants have not established that  §41-4-15(A) is applicable to them.*

Plaintiffs do not dispute that NMSA 1978, §41-4-15(A) establishes a two-year statute of limitations for tort actions commenced "against a governmental entity or a public employee." Plaintiffs further acknowledge that, in an abundance of caution, the preamble to their Amended Complaint contains a single clause mentioning the New Mexico Tort Claims Act. However, it is equally clear that a three-year statute of limitations generally applies to claims "for injury to the person." NMSA 1978, §37-1-8.

Under the Tort Claims Act, *if* Defendants can demonstrate that they are governmental entities or public employees, *then* the two year statute of limitations would apply. Under these conditions, Plaintiffs would then bear the burden of demonstrating that tort immunity had been waived. In their current Motion, Defendants have completely failed to present any legal argument as to their status as governmental entities or public employees. The pleadings have demonstrated that Defendant CCA is a private corporation, while Defendant Wagner is an employee of CCA. Defendant CCA has presented no argument as to why it would qualify as a governmental entity under NMSA 1978, §41-4-3(B), nor has Defendant Wagner presented any argument as to why she would qualify as a public employee under NMSA 1978, §41-4-15(F). There has been no argument at law suggesting that merely by entering into a contract with a governmental entity, a private corporation is transformed into a governmental entity. As a basic

matter of public policy, there is no justification for extending the benefits of state sovereignty, including tort immunities and statute of limitations constraints, to private, for-profit entities that have voluntarily sought to provide services to the State.

Defendants have not demonstrated that they qualify for the two-year statute of limitations established by NMSA 1978, §41-4-15(A), and the well-pled facts presented in Plaintiffs' Amended Complaint, along with the reasonable inferences which may be properly drawn from those facts, demonstrate that Defendants are, at best, independent contractors. Based on these conclusions, and applying the standard of review discussed above, Plaintiffs have plausibly demonstrated that they can prove their tort law claims against Defendants, and the current Motion should therefore be denied.

## II.  Plaintiffs' claims were timely under §41-4-15(A).

Even assuming that the two-year statute of limitations established in NMSA 1978, §41-4-15(A) is applicable to the current suit, Defendants have utterly failed to analyze the particular torts at issue and to provide this Court with any legal argument as to the critical factor in the analysis: the "date of occurrence resulting in loss" for each tort. Without explanation or justification, Defendants merely point the Court to the date of the rapes. Such simplicity is highly inappropriate when addressing a statute that the New Mexico Supreme Court has clearly stated contains ambiguous language requiring substantive analysis. See, *Maestas v. Zager*, 141 N.M. 154, 157 (2007).

In regards to the intentional torts of assault, battery, false imprisonment and infliction of emotional distress, only assault and battery are discrete events which could be tied to a particular rape. The other two, false imprisonment and infliction of emotional distress, are continuing torts,

which continue until they are resolved. The relevant "date of occurrence" for these types of ongoing wrongful acts is the last date on which they occurred, not the first. More specifically, the well-pled facts demonstrate that Defendants committed all elements of these torts each day, thereby renewing their wrongful acts.

These wrongful acts did not conclude until August 17, 2007 at the earliest, the date on which Defendant Townes was placed on administrative leave by Defendant CCA and the date he was removed from any real or potential position of authority or control over Plaintiffs. However, even this date may be incorrect, since Plaintiffs have properly pled that the policy of intimidation and humiliation enforced by Defendants CCA and Wagner continued beyond August 17, 2007, through the improper use of strip searches and other tactics of intimidation. See, Plaintiffs' Amended Complaint, at ¶31, [Doc. No. 17].

As to torts based on negligence, Plaintiffs have brought claims alleging negligent training, supervision, retention and management against Defendants Wagner and CCA. Again, these are ongoing wrongful acts, which continued until at least August 17, 2007.

Thus, while the dates of the individual rapes may be relevant to discrete torts of assault and battery, the earliest date on which the statute of limitations could have begun to run for all other torts is August 17, 2007. Even this date, as described above, may not be proper, since many of the wrongful acts alleged against Defendants CCA and Wagner continued after Defendant Townes was placed on leave.

Focusing specifically on Plaintiff Carrera, Defendants themselves acknowledge that her Complaint would have been proper if it had been filed on or before August 14, 2009. Plaintiffs acknowledge that Ms. Carrera's claims were included in the Amended Complaint filed on October 29, 2009. However, under Rule 15(c) Ms. Carrera's claims relate back to the original

date of filing. See, eg, *Immigrant Assistance Project of Los Angeles County Federation of Labor (AFL-CIO) v. I.N.S.,* 306 F.3d 842, 857 (9th Cir. 2002) (discussing conditions under which inclusion of new plaintiff relates back to date of original filing). Defendants have provided this Court with no legal argument as to the inapplicability of the relation-back provisions of Rule 15(c), and they have therefore not established their right to judgment as a matter of law.

Focusing on the relevant criteria for relation back, the pleadings clearly establish that the Defendants had notice of Plaintiff Carrera's claim at least as far back as the fall of 2007.  The presence of Ms. Carrera in the current suit creates no unfair prejudice for Defendants, and Ms. Carrera shares an identity of interests with Plaintiffs Spurlock and Carrasco. See, *Immigrant Assistance*, 306 F.3d at 857.

Based on the foregoing, even if this Court were persuaded that the two-year statute of limitations for governmental entities and public employees is applicable to the current Defendants, Plaintiffs have properly brought their claims within this period.

**CONCLUSION:**

Under the standard of review for Rule 12(c) motions, Defendants have failed to prove their right to a judgment as a matter of law. The well-pled facts, and the reasonable inferences which may be drawn from those facts, demonstrate that Defendants are not governmental entities or public employees for purposes of the New Mexico state tort law claims being brought in the suit. Therefore, a three-year statute of limitations should apply. Furthermore, even assuming the applicability of the two-year limitations period suggested by Defendants, Plaintiffs' claims were properly brought within this shorter period.

Therefore, Plaintiffs ask that Defendants' Motion be denied in its entirety and for such

other and further relief as this Court may find to be in the interests of justice.

Respectfully submitted,

**Kennedy & Han, P.C.**

  /s/ Darin Foster

Paul J. Kennedy
Mary Y.C. Han
Darin Foster
KENNEDY & HAN, P.C.
201 12th Street, N.W.
Albuquerque, NM 87102-1815
(505) 842-8662

**CERTIFICATE OF SERVICE:**
I do hereby swear and affirm that a copy of
the forgoing document was sent by the federal
court's electronic notice system (CM/ECF) to
the following counsel of record on this 20th day
of May, 2010 :

Michael S. Jahner
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736
(505) 266-3995
*Counsel for Defendant Anthony Townes*

Aaron C. Viets
Rodey, Dickason, Slaon, Akin & Robb, P.A.
PO Box 1888
Albuquerque, NM 87103-1888
(505) 765-5900

Daniel P. Struck
Christina Retts
JONES, SKELTON & HOCHULI, PLC
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
(602) 263-1733
*Counsel for Defendants Corrections Corporation of America
and Barbara Wagner*

  /s/ Darin Foster
Darin Foster

7