IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEATHER SPURLOCK, SOPHIA CARRASCO,
and NINA CARRERA,

    Plaintiffs,

v.                                                                        No. 9-CV-786 WJ/DJS

ANTHONY TOWNES and BARBARA WAGNER
in their individual capacities, and CORRECTIONS
CORPORATION OF AMERICA,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION
## FOR JUDGMENT ON THE PLEADINGS

THIS MATTER comes before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 71).  Defendants ask this Court to dismiss Plaintiffs' claims against the Defendants arising under the New Mexico Tort Claims Act because such claims were not brought within the two-year statute of limitations.  Because this Court agrees that Plaintiffs brought their tort claims after the two-year statute of limitations expired, this Court GRANTS Defendant's Motion for Judgment on the Pleadings.

### BACKGROUND

From January to August of 2007, Plaintiffs Heather Spurlock, Sophia Carrasco and Nina Carrera served criminal sentences at the Camino Nuevo Corrections facility ("Camino Nuevo") in New Mexico.  Defendant Corrections Corporation of America ("CCA"), a private contractor, operated Camino Nuevo pursuant to a contract with the New Mexico Corrections Department.  Defendant Anthony Townes, an employee of CCA, worked at Camino Nuevo supervising

minimum security female inmates.  In this lawsuit, the Plaintiffs allege that Defendant Townes raped them while they were inmates at Camino Nuevo.  They are suing the Defendants for excessive force under the Eighth Amendment as well as a variety of state tort claims under the New Mexico Tort Claims Act.  Defendants[1] now move for judgment on the pleadings with respect to Plaintiffs' state law tort claims because Plaintiffs did not file suit until after the two-year statute of limitations in the New Mexico Tort Claims Act had passed.

## DISCUSSION

### I.     Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A motion under Rule 12(c) is generally treated in the same manner as a Rule 12(b)(6) motion to dismiss.  *Mock v. T.G.&Y Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).  In reviewing a motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and then determines whether the complaint plausibly states a legal claim for relief.  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  A complaint filed after the applicable statute of limitations has passed must be dismissed.  *Gibson v. Parish*, 360 Fed. Appx. 974, 977 (10th Cir. 2010).

### II.    New Mexico Tort Claims Act

Any tort claim brought against a New Mexico governmental entity or a state employee must be brought pursuant to the New Mexico Tort Claims Act, which contains a two-year statute of limitations.  "Actions against a governmental entity or a public employee for torts shall be

---

[1] Initially, only Defendant CCA and Defendant Wagner filed this Motion for Judgment on the Pleadings.  However, Defendant Townes has since joined the Motion (Docs. 77 & 81).

forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death . . . ." N.M. Stat. Ann. § 41-4-14A (1978). In their Complaint, Plaintiffs state that they are bringing claims for "torts under the New Mexico Tort Claims Act." Amended Complaint, at 1. Given this very clear assertion, the Defendants assumed that Plaintiffs were, in fact, bringing their tort claims pursuant to the New Mexico Tort Claims Act. Accordingly, Defendants filed the instant motion predicated on the two-year statute of limitations embedded in the Act. Now, however, Plaintiffs argue that the Defendants are not governmental entities or employees entitled to a reduced two-year statute of limitations. Rather, Plaintiffs claim that their reference to the New Mexico Tort Claims Act was only included "in an abundance of caution" and that they intend to sue the Defendants as private citizens. *See* N.M. Stat. Ann. § 37-1-8 (1978) (setting forth a general three-year statute of limitations for personal injury lawsuits).

In both their original Complaint and their Amended Complaint, Plaintiffs very clearly asserted their claims pursuant to the New Mexico Tort Claims Act. Nowhere did the Plaintiffs hint that they were also asserting their claims against the Defendants as private citizens. A complaint must generally give the defendant "fair notice of what the plaintiff's claim is *and the grounds upon which it rests.*" *Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275 (10th Cir. 2004) (emphasis added). Tort claims brought pursuant to the New Mexico Tort Claims Act are governed by a different set of standards than garden-variety tort claims brought against a private individual. In a very real sense, then, Plaintiffs' Complaint did not give the Defendants proper notice of what claims were being asserted against them. Furthermore, this Court will not allow Plaintiffs to constructively amend their Complaint by their briefing associated with this Motion. Defendants have clearly objected to Plaintiffs assertion of their tort

claims under this new theory.  Rather, if Plaintiffs want to assert claims against Defendants as private citizens, they must move to amend their Complaint accordingly.  *See id.* at 1280-81 (noting that plaintiff who wishes to amend complaint over objection of other party must file formal motion to amend).  Accordingly, this Court will address Defendant's Motion for Judgment on the Pleadings as it stands.

**III.    Statute of Limitations**

Because Plaintiffs have chosen to bring their tort claims pursuant to the New Mexico Tort Claims Act, the two-year statute of limitations applies.  Plaintiffs Spurlock and Carrasco filed their initial Complaint on August 12, 2009 (Doc. 1).  On October 29, 2009, Plaintiffs filed their Amended Complaint which added Nina Carrera as a Plaintiff.   In both Complaints, Plaintiffs allege intentional torts of assault, battery, false imprisonment and infliction of emotional distress.  They also allege claims of negligent training, supervision, retention and management against Defendants Wagner and CCA.  The Court will address the statute of limitations as it applies to each Plaintiff in turn.

Spurlock.  Plaintiff Spurlock alleges that she was sexually assaulted by Defendant Townes on February 13, 2007 and again on April 2, 2007.  Both alleged assaults occurred more than two years before Spurlock filed her Complaint on August 12, 2009.  Plaintiffs acknowledge that the assault and battery claims represent discrete events which occurred more than two years before Plaintiffs filed suit and are therefore time-barred.  However, Plaintiffs argue that the false imprisonment and infliction of emotional distress claims represent "continuing torts" which continued until August 17, 2007 when Defendant Townes was placed on administrative leave.  Plaintiffs cite no case law in support of their "continuing tort" theory, but they appear to be arguing that Defendant Townes falsely imprisoned and inflicted emotional distress on Plaintiffs

by his mere presence at the facility. Even assuming the viability of this theory, the record shows that Spurlock was transferred from Camino Nuevo to a different facility on August 6, 2007. Any "continuing tort" ended on August 6, 2007 when Spurlock was transferred to a different facility where Defendant Townes did not work. Furthermore, any continuing negligence committed by Defendant Wagner and CCA also ended on August 6, 2007 because neither Defendant Wagner nor CCA had any control over the conditions at Spurlock's new facility. Accordingly, the Court dismisses Plaintiff Spurlock's tort claims against the Defendants because they occurred outside of the two-year statute of limitations.

<u>Carrasco</u>. Plaintiff Carrasco alleges that she was sexually assaulted by Defendant Townes some time between February 1, 2007 and March 31, 2007. Again, this assault occurred more than two years before Plaintiffs filed suit on August 12, 2009. Furthermore, Plaintiffs cannot maintain any "continuing tort" theory here either because Carrasco was transferred to a different facility on June 26, 2007. Any torts perpetrated by the Defendants ended, at the latest, on June 26, 2007 when Carrasco was transferred. Accordingly, the Court dismisses Plaintiff Carrasco's tort claims against the Defendants because they are time-barred.

<u>Carrera</u>. Plaintiff Carrera alleges that she was sexually assaulted by Defendant Townes some time between January 1, 2007 and August 14, 2007.[2] However, Carrera did not file any claims against the Defendants until October 29, 2009 when the Plaintiffs filed their Amended Complaint. At that point, the alleged assaults had occurred more than two years earlier. Plaintiffs argue that Carrera's claims against the Defendants relate back to the filing date of the

---

[2] Plaintiffs have subsequently narrowed this time frame. Plaintiff Carrera now alleges that the assault(s) occurred some time between January and March of 2007. *See* Plaintiffs' Partial Motion for Summary Judgment (Doc. 38).

original Complaint and, therefore, fall within the two-year statute of limitations.

Federal Rule of Civil Procedure 15(c) dictates when an amended complaint relates back to the date of the filing of the original complaint. In relevant part, the Rule provides that an amended complaint relates back when:

> The amendment changes the party or the naming of the party against whom a claim is asserted if the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The language of the Rule suggests that it primarily applies to situations where a plaintiff attempts to add or change a defendant. However, the advisory committee notes state that the rule "extends by analogy to amendments changing plaintiffs." Accordingly, one court has interpreted the rule—and its accompanying advisory notes—to permit relation back where a new plaintiff is added only if there is "notice to the defendants of the existence of the additional claim and a mistake in the original pleading as to the proper party." *Ambraziunas v. Bank of Boulder*, 846 F.Supp. 1459, 1467 (D. Colo. 1994). In that case, the court refused to allow the new plaintiffs to relate their claims back to the original complaint because, while the claims of the new plaintiffs arose out of the same facts, the plaintiffs had "not, however, established that Defendants had notice of their additional claims or that there was any mistake in the original complaint." *Id.* Similarly, here, the Defendants had no notice that Plaintiff Carrera was planning to file suit against them—particularly given that Carrera's claims are factually distinct from the claims of the original Plaintiffs. Furthermore, no mistake of identity occurred. Plaintiffs do not claim that they were mistaken about Carrera's identity and that but for that mistake Carrera would have brought her claims in the original Complaint. Accordingly, Plaintiff

Carrera's claims do not relate back to the date of the original Complaint and the Court dismisses them because they are time-barred.

## CONCLUSION

Because Plaintiffs explicitly brought their tort claims pursuant to the New Mexico Tort Claims Act in their Complaint, they are bound by the Act's two-year statute of limitations. Because none of the Plaintiffs filed suit until after the two-year limitations period ended, the Court GRANTS Defendants' Motion for Judgment on the Pleadings. However, this Court gives Plaintiffs THIRTY (30) DAYS from the date of this Order to file a Motion for Leave to File a Second Amended Complaint asserting tort claims against the Defendants as private citizens, if the Plaintiffs so choose. If the Defendants wish to object to Plaintiffs' ability to sue them in their private capacities, they may do so at that time.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE