**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HEATHER SPURLOCK, SOPHIA CARRASCO,
and NINA CARRERA,

    Plaintiffs,

v.                                                                                                         No. 9-CV-786 WJ/DJS

ANTHONY TOWNES and BARBARA WAGNER
in their individual capacities, and CORRECTIONS
CORPORATION OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

THIS MATTER comes before the Court upon Plaintiffs' Motion for Leave to File Second Amended Complaint, filed July 23, 2010 (**Doc. 97**). Having considered the parties' briefs and the applicable law, I find that Plaintiffs may file a Second Amended Complaint which conforms to the Court's findings herein.

**Background**

In this civil rights case, Plaintiffs are suing Defendants for violations of various federal constitutional rights, including violations of the Eighth and Thirteenth Amendments; and for violations of a variety of state tort claims under the New Mexico Tort Claims Act. The Court has already ruled on some of Plaintiff's claims, finding that Defendant Townes is liable for violating Plaintiffs' Eighth Amendment rights on the basis of his specific admissions at his plea hearing, and dismissing Plaintiffs' Thirteenth Amendment claims for failure to state a claim. Doc. 76. The Court has also concluded that Plaintiffs are bound by the two-year statute of

limitations for the claims which they have explicitly brought pursuant to the New Mexico Tort Claims Act ("Tort Claims Act"). Doc. 88. The Court afforded Plaintiffs an opportunity to seek leave to file a Second Amended Complaint to assert tort claims against the Defendants as private citizens, pursuant to N.M. Stat. Ann. § 37-1-8 (1978), which sets forth a general three-year statute of limitations for personal injury lawsuits. The instant motion is Plaintiffs' attempt to follow the Court's directive in fashioning a complaint which provides Defendants with notice of the claims being made against them. Apart from certain deficiencies which exist in the proposed Second Amended Complaint, the Court grants Plaintiffs' motion for leave to file the proposed Second Amended Complaint, with a few exceptions.

## Discussion

The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part. *Castleglen, Inc., et al. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993).

The most obvious deficiency in the proposed Second Amended Complaint is the inclusion of Counts III and IV – which have an amazing resemblance to the Thirteenth Amendment claims that have already been dismissed by the Court – and Counts VII and VIII which are brought under the Tort Claims Act – which the Court has also dismissed. Plaintiffs have included these claims for purposes of potential appellate review, although this was entirely unnecessary.

Defendants raise several arguments as part of their position that Plaintiffs' motion to

amend is futile. None of these arguments have merit, save for the argument regarding the inclusion of these dismissed claims as proposed amendments. The Court will address each of these arguments in turn.

I.  **Futility of Adding Dismissed Claims**

The Court agrees with Defendants that Plaintiffs' attempts to add dismissed claims back into this litigation would be futile. Plaintiffs' expectation that these claims (Counts III, IV, VII and VIII) would be stricken is correct. The proposed Second Amended Complaint shall not include these claims if filed with the Court and will be stricken by the Court if the pleading includes these claims.

II. **Stipulation Regarding Tort Claims Act Claims**

Defendants argue that Plaintiffs should not be allowed to assert state law claims which are not brought under the Tort Claims Act, based on Plaintiffs' stipulation in the Joint Scheduling Report (Doc. 20) that the Tort Claim Act applies to their state law claims. In allowing Plaintiffs the opportunity to amend the complaint to assert tort claims against Defendants as private citizens, the Court obviously saw no reason to preclude Plaintiffs from changing the legal theory for their state law claims – nor do Defendants provide any such reason now. *See Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1280-81 (10th Cir. 2004) (emphasis added) (noting that plaintiff who wishes to amend complaint over objection of other party must file formal motion to amend).

III. **Internal Inconsistency of Claims**

Defendants contend that the Proposed Amended Complaint is internally inconsistent in that the new state law claims, alleging that Defendants are "private actors" conflict with their § 1983 claims. However, Plaintiffs' state law claims and their § 1983 claims are not inconsistent.

3

An individual can be alleged to be a private actor (thus, *not* a public employee) for purposes of New Mexico state tort law and at the same time acting "under color of state law" for purposes of § 1983 liability. This is because actions performed "under color of state law" under § 1983 and actions performed as a "public employee" under the Tort Claims Act are "distinct concepts." *Giron v. Corrections Corp. of America*, 14 F.Supp.2d 1245, 1251 -1252 (D.N.M.,1998) (concluding that defendant is both a state actor for § 1983 purposes, and at the same time that defendant did not enjoy the immunity provided to "public employees" within the meaning of the Tort Claims Act.)

The Tort Claims Act grants immunity from tort liability to "any public employee while acting within the scope of duty." N.M.Stat.Ann. § 41-4-4(A). The Act defines a "public employee" as "any officer, employee or servant of a governmental entity, excluding independent contractors. . . ." N.M.Stat.Ann. § 41-4-3(F). A private actor can be considered acting "under color of state law" for purposes of § 1983 when performing a government function, or when governmental authority is delegated to a private person. *Giron*, at 1250. Thus, employment by a governmental entity – or lack of it – does not factor into the inquiry as to whether an individual is acting "under color of state law" for § 1983 purposes. As a result, Plaintiffs' state law claims asserted against Defendants as "private actors" are not internally inconsistent with the § 1983 claims against them. The Court notes that its findings are limited to the viability of Plaintiffs' assertions in the proposed amended complaint, and that it does not pass on the merits of the allegations, including whether Defendants are "private actors" versus "public employees."[1]

---

[1] The Court also notes that the Federal Rules of Civil Procedure allow some inconsistency in pleading within the limits of Rule 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively. . . either in a single count . . . or in separate ones. . . .").

## IV. Futility of Claims on the Merits

Defendants argue that granting Plaintiffs' motion to amend is futile because the state law claims would be disposed of in favor of Defendants Corrections Corporation of America ("CCA") and Wagner on summary judgment, based on the Defendant Townes' deposition testimony. Defendants' position is that this testimony conclusively establishes that Townes was acting outside the course and scope of his employment, which precludes liability on the part of respondeat superior. It may well be that the Court will rule in favor of Defendants CCA and Wagner on a summary judgment motion, but it is premature to announce the merits of a motion that has not yet been filed with the Court, particularly on an issue that is fact-driven. *See Medina v. Fuller*, 126 N.M. 460, 971 P.2d 851 (Ct. App. 1999) (whether an employee is acting in the course and scope of employment is a question of fact, unless only one reasonable conclusion can be drawn from the facts presented). Thus, the Court will not conclude that the state law claims are meritless at this time.

## Conclusion

I find and conclude that Plaintiffs' proposed Second Amended Complaint shall not include claims which have already been dismissed by the Court (Counts III, IV, VII and VIII). The amendments to the complaint asserting § 1983 claims against Defendants are not inconsistent with Plaintiffs' new state law claims. Finally, it is premature to determine the merits of the state law claims asserted against Defendants as private actors, and Plaintiffs have sufficiently alleged these claims at this stage in the litigation.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint, filed July 23, 2010 **(Doc. 97)** is GRANTED IN PART and DENIED IN PART;

**IT IS FURTHER ORDERED** that Plaintiffs may file the proposed Second Amended Complaint in conformance with the Court's findings as described in this Memorandum Opinion and Order <u>on or before Tuesday, September 7, 2010</u>. In the event the filed Second Amended Complaint contains any of the deficiencies discussed in this Memorandum Opinion and Order, the <u>entire</u> Second Amended Complaint will be stricken <u>in its entirety</u>.

_____
UNITED STATES DISTRICT JUDGE