# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HEATHER SPURLOCK, SOPHIA CARRASCO,
and NINA CARRERA,

    Plaintiffs,

v.                                                                    No. 9-CV-786 WJ/DJS

ANTHONY TOWNES and BARBARA WAGNER
in their individual capacities, and CORRECTIONS
CORPORATION OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANTS' MOTION TO BIFURCATE

THIS MATTER comes before the Court on Defendant CCA and Barbara Wagner's Motion to Bifurcate (Doc. 132). Defendant Corrections Corporation of America ("CCA") and Defendant Barbara Wagner (collectively, "Defendants") move to bifurcate trial so that the issue of their liability may be decided before the issue of Defendant Anthony Townes' liability. Plaintiffs oppose the motion. The Court finds that judicial economy would not be well served by the proposed relief, and shall deny Defendants' Motion.

## BACKGROUND

Plaintiffs Heather Spurlock, Sophia Carrasco and Nina Carrera were serving criminal sentences at the Camino Nuevo Correctional Center when they were allegedly unlawfully seized and raped by Defendant Anthony Townes, a corrections officer employed by CCA at the time. Defendant Barbara Wagner was the warden of Camino Nuevo. Townes pled guilty to four counts of criminal sexual penetration by one in a position of authority, and is serving a sentence of 18 years in prison.

The Court has granted partial summary judgment on Plaintiffs' claims as to Defendant Townes, to the extent that he is estopped from denying facts in this litigation which he admitted in his guilty plea in the criminal case (Doc. 76). On a subsequent motion, the Court granted Defendants summary judgment on the state law intentional tort claims against Defendant CCA, and on the claims that Defendants had a custom or policy of requiring inmates to obey unlawful and/or dangerous orders, retaliation against inmates for making complaints against staff members, indifference to inmate complaints, and inadequate training for prison guards (Doc. 130).

Plaintiffs therefore have two causes of action remaining in this case against Defendants CCA and Wagner: violation of the Eighth Amendment based on a custom of policy of discouraging inmate complaints (Count II); and "negligent training, supervision, retention and managment [sic] claims" arising under state law (Count IV). Defendants now ask that their trial on the issue of the existence of a custom of policy of discouraging inmate complaints be bifurcated from the issue of Townes' liability.

## DISCUSSION

District courts have broad discretion in determining whether to bifurcate issues or parties for trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999). A trial may be bifurcated if the interests of judicial expedition and economy "favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus. Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.*

Because an underlying constitutional violation has already been established (Doc. 88),

2

Defendants are correct that the only federal claim remaining in this case is whether Defendants had a custom or policy in place of discouraging inmate complaints which caused the deprivation of Plaintiffs' constitutional rights. If this were the case, Defendants may well have been correct about the relative efficiency of holding two trials: one on this alleged custom and policy, and one on Defendant Townes' liability for matters outside those facts already admitted (Doc. 88).

However, as Plaintiffs point out, a state tort claim of negligence also remains in this case. Plaintiffs note that "[i]n order to fully present the elements of their negligence claims, Plaintiffs will need to present the trier of fact with the full scope of Defendant Townes' actions." Doc. 135 at 3. This representation seems reasonable; it would be hard to imagine how Plaintiffs would put on evidence of negligence without referring to the consequences of Defendants' alleged negligence. Similarly, they would be hard-pressed to offer evidence of damages without presenting testimony to the jury regarding Townes' actions. These actions would presumably be the same actions that would be at issue in the proposed separate trial on Townes' liability.

In their reply brief, Defendants argue that the evidence pertaining to the state law negligence claim and the evidence pertaining to the § 1983 claim were *both* restricted to discouraging inmate complaints by the Court's memorandum opinion and order on summary judgment of January 10, 2011 (Doc. 130). Therefore, Defendants argue that the "full scope of Townes' actions" would not be at issue in the proposed trial against CCA and Wagner. This is, however, not what the Court ruled in the relevant memorandum opinion and order. All the evidence which the Court examined on summary judgment pertained to the issue of Defendants' deliberate indifference to Plaintiffs' constitutional rights. Doc. 130 at 8-17. While it is true that the Court ruled that the "other claims" related to Defendants' alleged customs or policies would not be heard at trial, Doc. 130 at 27, this ruling did not explicitly exclude evidence related to

3

Plaintiffs' negligence claims. In fact, the Court noted in the opinion that "neither party has actually discussed the elements of a negligence claim." Doc. 130 at 27. Without adequate briefing on the elements of negligence and the evidence pertaining thereto, the Court did not grant – and could not have granted – summary judgment to Defendants on any issues related to the negligence claim.

Thus, the Court finds that the evidence presented at the trial of Defendants and the trial of Townes' has the potential to be largely duplicative. It would not serve the economy or convenience of the Court or either party to bifurcate the trial.

**THEREFORE, IT IS ORDERED** that Defendant CCA and Barbara Wagner's Motion to Bifurcate (Doc. 132) is DENIED.

_____
UNITED STATES DISTRICT JUDGE