**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HEATHER SPURLOCK, SOPHIA CARRASCO,
and NINA CARRERA,

    Plaintiffs,

v.                                                                                    No. 9-CV-786 WJ/DJS

ANTHONY TOWNES and BARBARA WAGNER
in their individual capacities, and CORRECTIONS
CORPORATION OF AMERICA,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND FOR ADDITIONAL BRIEFING**

THIS MATTER comes before the Court on Defendants CCA and Barbara Wagner's Motion for Reconsideration or, in the Alternative, Request for Leave to File an Additional Motion for Summary Judgment Related to Negligence (Doc. 139). Plaintiffs' opposition is not noted in the motion.[1] Defendant Corrections Corporation of America ("CCA") and Defendant Barbara Wagner (collectively, "Defendants") moved to bifurcate trial so that the issue of their liability may be decided before the issue of Defendant Anthony Townes' liability (Doc. 132). The Court denied that motion, and Defendants now move for reconsideration. The Court finds that the motion is not well taken and shall be denied.

The relevant facts of this case were set forth in the Memorandum Opinion and Order denying bifurcation (Doc. 138), and are incorporated herein by reference. In a Memorandum Opinion and Order denying summary judgment issued on January 10, 2011, the Court noted that

---

[1] The Local Rules require that the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a).

"neither party has actually discussed the elements of a negligence claim," but nonetheless allowed the negligence claim to go forward. Doc. 130 at 27. The Memorandum Opinion and Order denying bifurcation explained that the Court had made no rulings with respect to what evidence may or may not be presented at trial by Plaintiff on his state law tort claim. Doc. 138 at 3-4. Defendants now take issue with this characterization of the summary judgment briefing, and move for reconsideration of the denial of bifurcation or in the alternative additional summary judgment briefing on Plaintiffs' negligence claim.

The motion is denied for several reasons. First, the reason the motion for bifurcation was denied is because the Court found that "[i]t would not serve the economy or convenience of the Court or either party to bifurcate the trial." Doc. 138 at 4. The question of whether the evidence supporting the negligence claim may or may have been restricted by the Court's ruling on summary judgment was ancillary to other considerations driving the Court's denial of bifurcation, and as such, is not enough on its own to merit reconsideration of that order.

Second, even if Defendants were correct that the facts referred to in the summary judgment opinion (custom or policy of requiring inmates to obey unlawful and/or dangerous orders, retaliation against inmates for making complaints against staff members, indifference to inmate complaints, and inadequate training for prison guards) cannot be introduced at trial, that would not necessarily affect the negligence claim. For example, evidence that Plaintiffs were retaliated against for complaining of staff member misconduct would not necessarily be at all relevant to the claim of Defendants' negligent training, supervision, retention and management of Anthony Townes. But the proper forum for Defendants to exclude this evidence from trial would be a motion in limine – not a motion to reconsider the denial of a motion to bifurcate. In fact, Plaintiffs represented in their response to the motion to bifurcate that the evidence they

wished to present at trial related to the "full scope of Defendant Townes' actions." Doc. 135 at 3. This evidence is not actually the same as the evidence that the Court considered and analyzed in the ruling on the motion for summary judgment.[2] Plaintiffs therefore demonstrated that the trial should not be bifurcated because the issues may overlap with the issues in the trial against Anthony Townes, and the Court agreed. If Defendants believe that Townes' actions are irrelevant to the case against them, they may offer a proposed limiting instruction for the Court's consideration.

Third, Defendants' claim that they did "submit briefing related to th[e] issue" of negligence is not responsive to the Court's stated concerns in the summary judgment Memorandum Opinion and Order. While Defendants attempted to argue that the undisputed facts showed that no negligence had occurred, they focused on the sufficiency of the evidence and, in fact, did not actually discuss the elements of the negligent training, supervision, retention and management claims. Aside from arguing the issue of res ispa loquitur, neither party cited to any New Mexico case law interpreting these causes of action, and while Plaintiffs' case appeared weak, summary judgment could not be granted on grounds that Defendants did not raise, such as the foreseeability of Townes' actions.[3] Here, again, the proper remedy for Defendants is not to file the instant motion, but to move for judgment as a matter of law at the close of Plaintiffs' case in the event that insufficient evidence is put on at trial to support these claims.

---

[2] The only claim that is potentially similar appears to be inadequate training for prison guards. However, once again, the proper forum for raising this issue would be a motion in limine to exclude evidence at trial.

[3] *See, e.g.*, *Ovecka v. Burlington N. Santa Fe Ry. Co.*, 194 P.3d 728, 736 (N.M. Ct. App. 2008) (requiring "foreseeability as to a particular plaintiff and a particular harm" for a negligent retention claim).

Finally, Defendants' request for additional summary judgment briefing is denied. The dispositive motion deadline expired on October 1, 2010 (Doc. 56 at 2). The Court's summary judgment ruling was handed down on January 10, 2011 (Doc. 130). There is no reason Defendants could not have moved much earlier for reconsideration of *that* Memorandum Opinion and Order if they believed the Court's statements concerning the negligence claims were inaccurate. Defendants did not, and now that this case is five months closer to trial, the matters raised in the instant motion are better handled in other ways.

**THEREFORE, IT IS ORDERED** that Defendants CCA and Barbara Wagner's Motion for Reconsideration or, in the Alternative, Request for Leave to File an Additional Motion for Summary Judgment Related to Negligence (Doc. 139) is DENIED.

_____
UNITED STATES DISTRICT JUDGE