# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 15 2012

HEATHER SPURLOCK,
SOPHIA CARRASCO,
and NINA CARRERA,

            Plaintiffs,

    v.

ANTHONY TOWNES and BARBARA WAGNER
in their individual capacities, and CORRECTIONS
CORPORATION OF AMERICA,

           Defendants.

**MATTHEW J. DYKMAN**
CLERK

No. 9-CV-786 WJ/SMV

## JURY INSTRUCTIONS

INSTRUCTION NO. 1

MEMBERS OF THE JURY:

You have now heard all of the evidence in the case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened–that is, in reaching your decision as to the facts–it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

INSTRUCTION NO. 3

Each Plaintiff must prove every essential part of her claim(s) by a preponderance of the evidence.

Each Defendant must prove every essential part of its affirmative defense(s) by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that a party's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.

If the proof fails to establish any essential part of a plaintiff's claim(s) by a preponderance of the evidence, you should find for the defendants.

If the proof fails to establish any essential part of a defendant's affirmative defense(s) by a preponderance of the evidence, plaintiffs are not precluded from recovery.

INSTRUCTION NO. 4

Although there is more than one Plaintiff in this action, it does not follow from that fact alone that if one is entitled to recover, another is entitled to recover.  The rights of the various Plaintiffs in this lawsuit are separate and distinct, and you should decide the issues as if each Plaintiff had brought a separate lawsuit.

INSTRUCTION NO. 5

Although there is more than one Defendant in this action, it does not follow from that fact alone that if one is liable, any other is liable.  Each Defendant is entitled to fair consideration of his own defense.

You have heard evidence in this case related to Anthony Townes' guilty plea and conviction.  This evidence alone does not establish liability against CCA or Barbara Wagner. Plaintiffs must still prove the elements of the claims made against CCA and Barbara Wagner, and must also prove the elements of the claims made against Anthony Townes arising from alleged acts that he did not plead guilty to.

You will decide each Defendant's case separately, as if each were a separate lawsuit.

INSTRUCTION NO. 6

Corrections Corporation of America, or "CCA" is a corporation. A corporation is entitled to the same fair and unprejudiced treatment as an individual and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

INSTRUCTION NO. 7

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. 8

In this case, Plaintiffs Heather Spurlock, Nina Carerra and Sophia Carrasco have brought legal claims against Defendants Anthony Townes, Barbara Wagner and Corrections Corporation of America (hereinafter "CCA") for violation of Plaintiffs' constitutional rights under the Eight Amendment to the United States Constitution and for violations of New Mexico state tort law. Plaintiffs claim that as a result of these violations,  they each suffered damages, including physical pain and suffering, and psychological and emotional distress.

Plaintiffs claim that Defendants subjected them to cruel and unusual punishment in violation of Eighth Amendment of the United States Constitution.

Specifically, Plaintiffs claims that Defendant Townes violated their Eighth Amendment rights to be free from cruel and unusual punishment by sexually assaulting them and by violating their constitutional rights to bodily integrity and personal safety.

Plaintiffs claims that Defendants Wagner and CCA were deliberately indifferent to Plaintiffs' constitutional rights in the face of facts and circumstances which would have caused a reasonable person to conclude that a substantial risk of serious harm existed. Plaintiffs claim that these Defendants had an official policy or custom of discouraging inmate complaints which denied Plaintiffs their right to a reasonable degree of safety from serious bodily attack and to be secure in their bodily integrity.

As a result of Defendant Wagner's and CCA's violations of Plaintiffs' constitutional rights, Plaintiffs claim that they suffered damages and injuries including physical pain and suffering, lost liberty and psychological and emotional distress.

Plaintiffs also claim that Defendants Wagner and CCA were negligent in the manner in which they supervised Defendant Townes.

Defendants deny Plaintiffs' claims.

INSTRUCTION NO. 9

As I have previously told you, Plaintiffs assert a federal claim against both Defendant Townes and against Defendants CCA and Wagner.

Section 1983 of Title 42 of the United States Code, the Federal Civil Rights Act under which Plaintiff brings this suit, was enacted by Congress to enforce the United States Constitution. This statute provides that a person may seek damages in this Court against any individual who, under color of any state law or custom, deprives such person of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

A person may sue for an award of money damages against anyone who violates his rights under the Constitution of the United States while acting under color of any state law.

You are instructed that Defendants Townes, CCA and Wagner were acting under color of law.

INSTRUCTION NO. 10

The Eighth Amendment of the United States Constitution prohibits infliction of cruel and unusual punishments on those convicted of crimes.

Under the Eighth Amendment of the United States Constitution, inmates are protected from cruel and unusual punishment, and have a constitutional right to bodily integrity and personal safety. The Eighth Amendment requires, among other things, that prison officials provide humane conditions of confinement and take reasonable measures to guarantee the safety of the inmates.

As a matter of law, the rape or sexual abuse of an inmate by an individual acting under color of state law constitutes cruel and unusual punishment.

INSTRUCTION NO. 11

Plaintiffs claim that Defendant Townes, while acting under the color of state law, used excessive and unnecessary force against them, in violation of their Eighth Amendment constitutional rights.

Each Plaintiff in this matter claims she was held against her will and sexually assaulted by Defendant Townes. Plaintiffs allege that these assaults occurred while they were inmates at the Camino Nuevo Women's Correctional Facility.

INSTRUCTION NO. 12

As a matter of law, this Court has already determined the following matters.

(1)    At all times relevant to the current matter, Defendant Anthony Townes was an employee of Defendant CCA.

(2 )   The Court has already found, and you are instructed to accept as proven, that:

(a)    Defendant Townes violated Plaintiff Spurlock's Eighth Amendment right to be free from cruel and unusual punishment by sexually assaulting her in April of 2007.

(b)    Defendant Townes violated Plaintiff Carrera's Eighth Amendment right to be free from cruel and unusual punishment by sexually assaulting her between January 1 and August 14 of 2007.

(c)    Defendant Townes violated Plaintiff Carrasco's Eighth Amendment right to be free from cruel and unusual punishment by sexually assaulting her in February or March of 2007.

You must accept each of these facts as proven

INSTRUCTION NO. **13**

In addition to asserting an Eighth Amendment claim against Defendant Townes, Plaintiffs assert an Eighth Amendment claim against Defendants CCA and Wagner.  The basis for Plaintiffs' Eighth Amendment claim against these Defendants is that they expressly discouraged inmates from filing complaints of staff misconduct.

In general, CCA can be liable if it had an official policy or custom of discouraging inmate complaints that was the 'direct cause' or 'moving force' behind the sexual assaults alleged by Plaintiffs.

Such a policy can take two forms.  First, it could be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by CCA's policymakers, or a custom including persistent and widespread practices of officials.  Second, it could take the form of a discrete action of an employee who has 'final policymaking authority' for CCA.  You are instructed that Defendant Wagner has 'final policymaking authority' for Camino Nuevo.

Therefore, CCA is liable if Plaintiffs prove, by a preponderance of the evidence, that:

(1)     CCA had an official policy or custom of discouraging inmate complaints, taking either of the two forms explained above;

(2)     CCA through its policy or Wagner through her actions acted with deliberate indifference to Plaintiffs' constitutional rights;

(3)     The official policy or custom of discouraging inmate complaints, taking either of the two forms explained above, was the cause and moving force behind Plaintiffs' injuries.

In order to prove that Defendants CCA and Wagner acted with "deliberate indifference," Plaintiffs must prove that:

(1)     Defendants had notice that the harm to Plaintiffs was substantially certain to occur as a result of the policy of discouraging inmate complaints, either because there had been a pattern of constitutional violations or because the harm to Plaintiffs was a highly predictable or plainly obvious consequence of that policy; and

(2)     Defendants consciously disregarded the risk to Plaintiffs.

If you find the Plaintiffs have proved the elements necessary to establish liability on this claim by a preponderance of the evidence, your verdict should be for the plaintiffs. If, on the other hand, Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the Defendant CCA and Wagner.

INSTRUCTION NO. 14

Plaintiffs assert that Defendants CCA and Wagner were negligent in the manner in which they supervised Defendant Townes.

The term "negligence" may relate either to an act or a failure to act. An act, to be "negligence," must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to another and which such a person, in the exercise of ordinary care, would not do. A failure to act, to be "negligence," must be a failure to do an act which one is under a duty to do and which a reasonably prudent person in the exercise of ordinary care, would do in order to prevent injury to another.

In this case, Defendants owed each of the Plaintiffs a duty to provide them with a reasonable degree of safety from serious bodily attack and violations of their bodily integrity.

"Ordinary Care" is that care which a reasonably prudent person would use in the conduct of the person's own affairs. What constitutes "ordinary care" varies with the nature of what is being done.

As the risk of danger that should reasonably be foreseen increases, the amount of care required also increases. In deciding whether ordinary care has been used, the conduct in question must be considered in the light of all the surrounding circumstances.

17

INSTRUCTION NO. 15

Plaintiffs have asserted a claim for damages against CCA and Barbara Wagner for the personal injuries Plaintiffs claim to have suffered as a result of CCA and Barbara Wagner's alleged negligent supervision of Anthony Townes.

To establish the claim of negligence in supervising an employee, Plaintiffs have the burden of proving by a preponderance of the evidence that:

1.      CCA and Wagner was the employer of Anthony Townes.  It is not disputed that Anthony Townes was an employee of CCA;

2.      CCA and Wagner knew or should have known that the manner in which Anthony Townes was supervised would create an unreasonable risk of injury to Plaintiffs;

3.      CCA and Wagner failed to use ordinary care in supervising Anthony Townes;

4.      CCA's and Wagner's negligence in supervising Anthony Townes caused Plaintiffs' injuries.

Plaintiffs must satisfy all of the above elements by a preponderance of the evidence.  The elements of this claim cannot be established merely because Defendant Townes was employed by CCA.

INSTRUCTION NO. 16

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

INSTRUCTION NO. 17

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

INSTRUCTION NO. 18

A particular action or series of actions is a "cause" of injury or damages if it contributes to bringing about the injury or damages.  It need not be the only explanation for the injury or damages, nor the reason that is nearest in time or place.  It is sufficient if it occurs in combination with some other cause to produce the result.  To be a "cause," the act or series of acts, nonetheless, must be reasonably connected as a significant link to the injury or damages.

INSTRUCTION NO. 19

Deposition testimony is testimony that was taken under oath before trial and has been preserved by video.  This testimony is entitled to the same consideration that you give any other testimony at this trial.

INSTRUCTION NO. 20

An attorney has the right to interview a witness for the purpose of learning what testimony the witness will give.  The fact that the witness has talked to an attorney does not reflect adversely on the truth of such testimony.

INSTRUCTION NO. 21

I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.  You alone are the judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them.  In determining the credit to be given to the testimony of any witness, you may take into account the witness' ability and opportunity to observe, the witness' memory, the witness' manner while testifying, any interest, bias or prejudice that the witness may have and the reasonableness of the testimony, considered in light of all the evidence in the case.

INSTRUCTION NO. 22

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct;

or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness;

or by evidence that the witness has been convicted of a crime;

or by specific acts of wrongdoing of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

INSTRUCTION NO. 23

An expert witness is permitted to state an opinion based upon a question which, for the purposes of trial, assumes as true certain facts which may or may not be true. It will be for you in your deliberations, however, to determine from all of the evidence whether or not the facts assumed have been proved to be true. The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state an expert opinion concerning such matters. You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

INSTRUCTION NO. 24

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

INSTRUCTION NO. 25

If you find that a Plaintiff has established a right to recover from Defendant, but that Plaintiff has suffered no harm, insignificant harm, or damages that cannot be ascertained, you must award her nominal damages.  Nominal damages are a trivial sum of money, usually one dollar, awarded to a party who has established a right to recover but has not established that he is entitled to compensatory damages.

INSTRUCTION NO. 26

If you find that a Defendant is liable to a Plaintiff, then you must determine an amount

that is fair compensation for all of the Plaintiff's damages. These damages are called

compensatory damages.  The purpose of compensatory damages is to make the Plaintiff whole--

that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered.

Compensatory damages are not limited to expenses that a Plaintiff may have incurred

because of her injury.  If a Plaintiff wins, she is entitled to compensatory damages for any of the

following elements of damages that resulted from the wrongful conduct as claimed:  physical

discomfort and inconvenience, pain and suffering, emotional distress, trauma, fear,

embarrassment, humiliation, anxiety as a result of a Defendant's conduct.

You may award compensatory damages only for injuries that a Plaintiff proves were

proximately caused by the Defendant's allegedly wrongful conduct.  The damages that you

award must be fair compensation for all of the Plaintiff's damages, no more and no less.  You

should not award compensatory damages for speculative injuries, but only for those injuries

which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the

future.

You must use sound discretion in fixing an award of damages.  Your verdict must be

based upon proof and not upon speculation, guess, or conjecture.  Further, sympathy or prejudice

for or against a party should not affect your verdict and is not a proper basis for determining

damages.

The guide for you to follow in determining compensation for pain and suffering is the

enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate a

Plaintiff with fairness to all parties to this action.  The law does not require that a Plaintiff must

prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

INSTRUCTION NO. 27

If you have found that Plaintiff is entitled to damages arising in the future, you must determine the amount of such damages you believe would fairly compensate Plaintiff for such future damages.

If these damages are of a continuing nature, you may consider how long they will continue.

## INSTRUCTION NO. 28

In fixing the amount you may award for damages arising in the future, you must reduce the total of such damages by making allowance for the fact that any award you might make would, if properly invested, earn interest.  You should, therefore, allow a reasonable discount for the earning power of such money and arrive at the present cash value of the total future damages, if any.

Damages for any future pain and suffering are not to be so reduced.

INSTRUCTION NO. 29

In fixing the amount of money which will reasonably and fairly compensate the plaintiff, you are to consider that one who is damaged must exercise ordinary care to minimize existing damages and to prevent further damages. A plaintiff may not recover for losses which could have been prevented by reasonable efforts on her part.

INSTRUCTION NO. 30

You may consider punitive damages only if you find that Plaintiff should recover compensatory or nominal damages.  You may award punitive damages if the Plaintiff has proved that the Defendant[s] acted with malice or willfulness, or with reckless indifference to the safety or rights of others.  Malicious conduct is the intentional doing of an act with knowledge that the act was wrongful. Willful conduct is the intentional doing of an act with knowledge that harm may result. Reckless conduct is the intentional doing of an act with utter indifference to the consequences.

Punitive damages are awarded for the limited purpose of punishment and to deter others from the commission of like offenses. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages.  The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown.  The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.  The amount awarded, if any, must be reasonable and not disproportionate to the circumstances.

INSTRUCTION NO. 31

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges--judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 32

Faithful performance by you of your duties is vital to the administration of justice.

INSTRUCTION NO. 33

The jury acts as a body.  Therefore, on every question which you must answer, it is necessary that all of you participate regardless of the vote on another question.  Before a question can be answered, all of you must agree upon the answer.

INSTRUCTION NO. 34

Upon retiring to the jury room, you will select one of your number to act as foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A special verdict form has been prepared for you. You will be given the Court's instructions and a special verdict form. In this case it will be necessary for you to answer the preliminary questions presented to you on the verdict form. You will begin deliberating only when I have instructed you to do so. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.

After you have reached your unanimous verdict, your foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the court security officer. Never attempt to communicate with me except by a written note signed by your foreperson. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question. If I reply to you in writing, please leave **both** the message and the reply in the jury room. They should not be thrown away, even at the conclusion of your deliberations.

Bear in mind always you are not to reveal to me or to any person how you stand, numerically or otherwise, until you have reached a unanimous verdict.

38

DATED 2/15 , 2012

_____
William P. Johnson
UNITED STATES DISTRICT JUDGE