# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HEATHER SPURLOCK, SOPHIA CARRASCO,
and NINA CARRERA,

    Plaintiffs,

v.                                                                                  No. 9-CV-786 WJ/DJS

ANTHONY TOWNES and BARBARA WAGNER
in their individual capacities, and CORRECTIONS
CORPORATION OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT

THIS MATTER comes before the Court upon Plaintiffs' Motion to Alter or Amend the Judgment, Grant Judgment as a Matter of Law in Plaintiffs' Favor, Certify Questions of State Law, and Grant Leave for the Filing of Additional Motions to Enforce the Judgment, filed March 19, 2012 **(Doc. 269)**.  Having considered the parties' briefs and the applicable law, I find that Plaintiffs' motion is denied with the exception of clarifying the Judgment to indicate that Plaintiffs may collect compensatory damages from Defendant Townes in addition to collecting the same compensatory damages from Defendant CCA, as long as each Plaintiff does not recover compensatory damages more than once, or collect more than the compensatory damages amount awarded to each Plaintiff by the jury.

### Background

On February 16, 2012, the jury entered a special verdict in favor of Plaintiffs Heather Spurlock, Sophia Carrasco, and Nina Carrera. [Doc. 262.]  The jury's special verdict contains the following findings and awards with respect to each Plaintiff:

(1) *Plaintiff Heather Spurlock*: The jury awarded Plaintiff Heather Spurlock $100,000 in compensatory damages; $1,000,000 in punitive damages against Defendant Townes and $5,000 in punitive damages against Defendants Corrections Corporation of America, Inc. ("CCA") and Barbara Wagner. The jury found that Defendants CCA and Wagner were liable for the negligent supervision of Defendant Townes, which led to the acts of rape inflicted by Townes on Plaintiff Spurlock while she was an inmate at Camino Nuevo Correctional Facility. The jury additionally found that Plaintiff Spurlock was 54% comparatively negligent as compared to Defendants CCA & Wagner with regard to Plaintiff's negligent supervision claim.

(2) *Plaintiff Nina Carrera*: The jury awarded Plaintiff Nina Carrera $100,000 in compensatory damages. The jury awarded Plaintiff Carrera $1,000,000 in punitive damages against Defendant Townes.

(3) *Plaintiff Sophia Carrasco:* The jury awarded Plaintiff Sophia Carrasco $125,000 in compensatory damages; $1,000,000 in punitive damages against Defendant Townes and $50,000 in punitive damages against Defendants CCA and Barbara Wagner. The jury found that Defendants CCA and Wagner were liable for the negligent supervision of Defendant Townes, which led to the acts of rape by Townes on Plaintiff Carrasco while she was an inmate at Camino Nuevo Correctional Facility. The jury additionally found that Plaintiff Carrasco was 20% comparatively negligent as compared to Defendants CCA & Wagner with regard to the negligent supervision claim.

The Court addresses each of Plaintiffs' arguments in the instant motion in turn.

**Legal Standards Under Fed.R.Civ.P. 50(b) and 59(e)**

Judgment as a matter of law under Fed.R.Civ.P. 50(b) is entered in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim or defense under

2

the controlling law. *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 1007). The Court must construe the evidence and inferences most favorably to the nonmoving party, and may not "weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the jury." *Harolds Stores, Inc. v. Dillard Dep'' Stores, Inc.*, 82 F.3d 1533, 1546 (10th Cir.1996).

There are four traditional grounds for altering or amending a judgment under Rule 59(e): to incorporate an intervening change in the law, to reflect new evidence not available at the time of trial, to correct a clear legal error, and to prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiffs make numerous requests for modifying the jury verdict in their motion, but do not specify which standard upon which they rely for each of the requests, or how each of the requests align with the different standards. As a result, the Court will apply whatever procedural rule appears to be applicable.

## I.     Clerical Amendments to Judgment

Plaintiffs request that the judgment be amended to expressly state the issues that were presented to the jury for consideration, contending that the modifications will "clarify the record" regarding which issues were precluded from the jury's consideration entirely or limited from the jury's consideration.[1]

Rule 59(e) amendment may be particularly appropriate "where . . . the amendment reflects the purely clerical task of incorporating undisputed facts into the judgment." *Allstate Ins.*

---

[1] Examples of claims which Plaintiffs contend were precluded from the jury's consideration include: federal claims based on retaliation (Doc. 130 at 10); federal claims as to negligent training (Doc. 130 at 13) and state claims based on respondeat superior and "course and scope of employment (Doc. 130 at 23-26).


*Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).[2] However, in this case the Court fails to see how amending the judgment as Plaintiffs suggest will clarify anything. The Court recalls that while some claims were not sent to the jury for consideration because they had been dismissed previously by the Court, other claims were not presented to the jury because Plaintiffs were granted JNOV under Rule 50. *See* Doc. 260 at 11 (granting judgment under Rule 50 for state law intentional tort claims). Thus, the modifications requested by Plaintiffs will not accurately reflect the reasons why specific claims were not presented to the jury, nor is there any legal basis requiring a judgment in a civil case to include more information than is necessary to reflect the jury's findings.

Plaintiffs point to the fact that I granted a similar request by counsel in another case they litigated before the Court: *Martinez v. Carson*, Civil 08cv1046, Docs. 196 & 197 (D.N.M. May 5, 2011). In *Martinez*, the Court modified the Judgment to indicate which claims went to the jury. However, the fact that Plaintiffs' request was granted in that case has no bearing on the merits of the same request in this case, which involved multiple claims asserted by multiple Plaintiffs against multiple Defendants— one of which is an entity/employer. Moreover, in *Martinez*, the Court did not entertain the possibility of having the Judgment also reflect claims that had been dismissed, which it appears Plaintiffs request in this case for some unknown reason.

Plaintiffs' suggested amendments has the potential for confusion, and is unnecessary in light of the fact that all claims considered by the jury are already listed and described in the

---

[2] In *Allstate*, the court had stated on the record, prior to the judgment being entered, that it would allow Allstate to submit a proposed form of judgment to the court. The Court notes that such request was made by Plaintiffs' counsel in the instant case.

special verdict. Doc 262. The record in this case, including the Court's various Memorandum Opinions and Orders in this case, reflects the basis for dismissals of claims, as well as judgments as a matter of law granted to Plaintiffs on other claims (such as Eighth Amendment liability against Townes for certain acts committed against Plaintiff Spurlock granted prior to trial, and state law intentional torts granted under Rule 50 prior to submission of the case to the jury). Thus, the Court agrees with Defendant CCA on this issue in that the requested modifications are unnecessary and may end up with the result of being confusing, rather that clarifying the Judgment.

## II.     COMPARATIVE FAULT

Plaintiffs make several requests to modify the verdict form as to comparative fault. Only one of these requests has any merit, and it is the only one which the Court will reconsider. As Plaintiffs note, the Judgment now states that Plaintiffs are to recover only the amount of compensatory damages reduced by their comparative negligence with regard to CCA. Doc. 266. While the jury was required to make a comparative fault assessment as between Plaintiffs and CCA/Wagner, the jury was not asking to do the same with regard to Plaintiffs and Townes.[3] However, the Judgment awards Plaintiffs only that amount of the total compensatory award (as to each Plaintiff) that is reduced by their comparative fault with regard to CCA, which would be less than the full amount awarded on the single measure of compensatory damages awarded to each Plaintiff. The Court agrees with Plaintiffs that the Judgment, as it stands, does not afford Plaintiffs the full amount of compensatory damages to which Plaintiffs are entitled.

Defendant Townes objects to this request, arguing that Plaintiffs are required to elect

---

[3] The Court did not entertain the notion that a rape victim could be comparatively negligent, since rape is clearly an intentional act.

under which theory they choose to recover, in order to avoid double recovery. As support for this argument, Defendants cite to this Court's Order setting out the need for election of remedies under multiple theories. In that Order the Court stated its reasons for fashioning the special verdict with a single measure of compensatory damages, as opposed to multiple awards on each claim. *See*, Doc. 259 at 2 ("Thus, the question is whether there are separate measures of damage for each claim, or if there is a single measure of compensatory damages, and each of these claims provide liability for those damages.")

Defendants now argue that Plaintiffs must elect between the federal or state theories on which they jury deliberated. The jury's single award of compensatory damages was based entirely on Townes' conduct and negligent supervision of Townes by CCA/Wagner. The only relevant federal claim is the Eighth Amendment claim against Townes, since the jury found that CCA and Wagner were not liable under Plaintiffs' Eighth Amendment claims. Defendant contends that the Court's decision whether to modify the Judgment rides on whether Plaintiffs elect remedies under either the state or federal theories, and characterizes Plaintiffs' choices as follows: (1) electing to be awarded the full amount of compensatory damages under the federal theories (i.e., the Eighth Amendment claims against Townes), or (2) electing to collect compensatory damages under state law theories, in which case the Judgment stands as is and the damages are reduced according to each Plaintiff's comparative negligence.[4]

Defendant misunderstands the Court's Order on double recovery, wherein the Court stated:

> . . . Plaintiffs cannot be awarded this measure of compensatory damages more

---

[4] This issue does not concern Plaintiff Carrera, since the jury did not find her to be comparative negligent. Doc. 262 at 5.

6

than once, and so the Court will require, should the jury find liability under multiple theories and against multiple defendants, for Plaintiffs to elect under which theory they choose to be awarded damages. Should the jury find liability against CCA and Wagner for negligently supervising Defendant Townes, and should Plaintiff elect to be awarded damages under that theory, such award would be subject to reduction by any comparative negligence the jury may find.

Doc. 259 at 3. The Court did not explicitly state that Plaintiffs could recover on multiple theories as long as the recovery did not exceed the amount of compensatory damages awarded. However, the fundamental logic behind the double recovery bar is clear, which is that "Plaintiffs cannot be awarded this measure of compensatory damages more than once." Doc. 259 at 3. Plaintiffs are indeed required to elect remedies, meaning that they cannot collect the reduced amount of compensatory damages from CCA, and *in addition*, turn around and collect the full amount from Townes. This is the scenario to which Defendant objects, and rightly so.[5] What Defendant suggests, however, is that the Judgment be left in its present state, which entitles Plaintiffs to collect only part of the full compensatory damages awarded. The bar against double recovery prevents a plaintiff from collecting more than the compensatory amount awarded, but it does not require a plaintiff to collect *less than* that amount. Under an Eighth Amendment theory, Plaintiffs are entitled to collect the entire amount of compensatory damages against Townes. They can also collect the identical amount from CCA and Townes, based on CCA's liability for Townes' acts under *Medina v. Graham's Cowboys, Inc,* 113 N.M. 471, 475 (Ct. App. 1992), as long as in the end, they do not collect more than the full amount of

---

[5] Defendants contend that:
> Plaintiffs Spurlock and Carrasco cannot have it both ways via a judgment that is amended to say that they collect jointly and severally $46,000 and $100,000 in compensatory damages, respectively, from Townes and CCA (i.e., from CCA), *and* that they collect as against Townes $100,000 and $125,000, respectively.

Doc. 272 at 5.

compensatory damages awarded.[6]

Thus, the Judgment warrants modification to reflect that Plaintiffs may collect *no more*, and need collect no less, than the full amount of compensatory damages awarded by the jury. Plaintiff Spurlock was awarded $100,000 in compensatory damages by the jury. Because of the jury's finding of comparative fault, Plaintiff Spurlock may recover from CCA up to $46,000. Townes is still liable to Plaintiff for $100,000. However, because Plaintiff may not collect the full amount of damages more than once, she may collect from Townes only the amount she does not collect from CCA, as long as her total recovery does not exceed $100,000. The jury awarded Plaintiff Carrasco compensatory damages in the amount of $125,000. She may collect from CCA up to $100,000, based on the jury's finding of comparative fault. Townes is liable to Plaintiff Carrasco for $125,000. However, double recovery precludes her from collecting from Townes an amount which would afford her more than the total amount of compensatory damages awarded by the jury. In other words, if Plaintiff Carrasco collects $100,000 from CCA, she can collect no more than $25,000 from Townes.

The Court finds it difficult to imagine that Plaintiffs would forego collecting any amount from CCA in favor of trying to collect the full amount from Townes. Thus, in this situation, the Court views it as an empty exercise to require Plaintiffs to "elect" between (1) collecting the full compensatory damages award from Townes, who is currently incarcerated, and will remain judgment-proof for the foreseeable future, or (2) collecting the award, reduced by comparative

---

[6] Under *Medina*, an employer who has negligently hired or supervised an employee is liable "for all damages arising from" the employee's intentional torts. 113 N.M. at 476. *See* Doc. 259 at 3; Doc. 266 (Judgment) at 2 n.1).

negligence, from CCA and attempting to collect from Townes the amount not paid by CCA.[7] Accordingly, the Court will grant Plaintiffs' request for this change to the Judgment. While the change is substantive, the change merely reflects a calculation error on the Court's part based on the jury's verdict, and is appropriate under Rule 59(e).

### III. REQUEST FOR RECONSIDERATION OF COURT'S PRIOR RULINGS

To preserve certain issues for appeal, Plaintiffs raise matters on which the Court has already ruled. They now seek the Court's reconsideration of the following issues: (1) whether the compensatory damages awards against CCA can be offset by Plaintiffs' comparative fault; (2) whether Plaintiffs can collect from CCA the damages award against Townes under N.M.S.A.§ 33–1–17; and (3) whether Townes was acting in the course and scope of his employment when the assaults occurred.

A Rule 59(e) motion for reconsideration is only appropriate if it raises an intervening change in the controlling law, proffers new evidence previously unavailable, or argues that it is necessary to "correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It is not an appropriate vehicle to merely "reargue an issue already addressed by the court." *Id.*; *see also Borchardt Rifle Corp. v. Cook*, 2011 WL 1103854, at *5 (D.N.M. 2011) ("[A] rule 59(e) motion is not an opportunity to rehash arguments previously addressed.").

#### A. Comparative Negligence

In the previous section, the Court granted the motion for reconsideration of the issue of comparative fault in order to clarify that Plaintiffs may collect from Townes the amount of

---

[7] The Court is confident that if it misapprehends Plaintiffs' intentions in this regard, the parties will advise the Court.

compensatory damages they do not collect from CCA, due to the jury's findings on their comparative negligence (as long as the total amount recovered does not exceed the total amount of compensatory damages awarded). The Court denies Plaintiffs' motion to the extent that Plaintiffs argue that questions of comparative negligence should not have been presented to the jury, or any other position Plaintiffs take on this issue. The gist of Plaintiffs' arguments is that there is a "special relationship" between a female inmate and the operator of a correctional facility which somehow converts what is ordinarily a tort claim into an intentional tort, in which case comparative negligence does not apply. Plaintiffs offer no case law for this proposition, and, given that there was no evidence of, or a finding of intentional conduct on the part of CCA, this argument does not merit and will not receive any serious reconsideration by the Court.

The Court considered the comparative negligence issue several at different times prior to trial, based on the parties' proposed jury instructions and verdict forms, and their objections to each other's submissions. I see no need to reconsider yet again what I have previously carefully considered, under the relevant case law and the facts at hand. If I made previous mistakes, or should have reconsidered prior rulings, the Court of Appeals for the Tenth Circuit will not hesitate to let me know.

B.  Statutory Liability of CCA

Plaintiffs contend that the jury's finding of liability on the part of CCA now renders Defendant CCA liable for all damages arising from its own conduct as well as the conduct of Defendant Townes, based on the language in NMSA 1978, § 33-1-17. That provision states that agreements with private contractors "for the operation of any adult female facility or for housing adult female inmates" shall require the contractor to "assume[] all liability caused by or arising out of all aspects of the provision or operation of the facility." The Court previously ruled,

contrary to Plaintiffs' argument in a motion for summary judgment, that § 33-1-17 is not a strict liability statute. Doc. 76 at 15-16. The Court found that "any plaintiff suing CCA under the contract must first show that CCA is actually liable for misconduct under some viable legal theory." *Id*. Plaintiffs contend that, because the jury has now determined liability on the part of CCA, the judgment should be amended to reflect that § 33-1-17 provides an additional basis for recovery as to Defendant CCA.

Plaintiffs are still trying to read some theory of vicarious liability into § 33-1-17, even after the Court has found this theory to be "patently false." Doc. 76 at 15. The Court noted that under this provision, "[t]he contractor has assumed all liability for negligence arising under the contract, but has *not* agreed to be held strictly liable for the negligence of its employees." *Id*. The jury's finding of negligence on CCA's part does not morph § 33-1-12 into a strict liability statute. Rather, it binds an understanding between CCA and the State of New Mexico. Plainly read, it is not another avenue whereby plaintiffs can hold CCA liable for acts of employees. As the Court previously noted,

> the statute is merely agreeing to hold New Mexico harmless for any liability which may arise and to indemnify New Mexico for any expenses it incurs in defending against such liability. CCA is *not* agreeing to be held strictly liable under a *respondeat superior* theory for the constitutional violations of its employees.

Doc. 76 at 16. In other words, under § 33-1-12, CCA is agreeing to take the place of the State at the litigation table, so to speak, and to assume liability that may be proven, instead of the State having to do so. Having been found liable for negligent supervision, CCA — and not the State— is assuming liability for that claim. Had the State been a party instead of CCA, it would have been required to pay for its own basis for liability, which here, under *Medina*, includes the total compensatory damages caused by Townes, as well as its own punitive damages. No

plausible reading of the provision would mean that CCA is agreeing to assume all liability for any defendant in a lawsuit brought by anyone who chooses to sue the State.

Plaintiffs also ask this Court to interpret § 33-1-17 as a "garnishment" statute so that they can collect the Judgment against Townes from CCA. This request has no merit. First, § 33-1-17 is not a garnishment statute. Second, the request has no basis in any reading of the statute, since the statute does not render CCA liable for Townes' conduct in the first place. Therefore, the statute certainly cannot obligate CCA to pay Townes' Judgment.

C.      Course and Scope of Defendant Townes' Employment

Prior to trial, the Court granted partial summary judgment to Defendants, agreeing with Defendants that Townes was acting outside the course and scope of his employment, and thus defeating vicarious liability. Doc. 130 at 23-25. The Court rejected several arguments raised by Plaintiffs in attempting to hold CCA liable for Townes' conduct. Plaintiffs offer no legal basis to reconsider the Court's prior rulings, which were based on existing case law and the facts of the case. Plaintiffs' motion to reconsider is denied on this basis.

D.      Previously Dismissed Federal Claims

The Court granted partial summary judgment to Defendants on certain federal civil rights claims alleged by Plaintiffs. The Court specifically found that there remained disputes of material fact sufficient to survive summary judgment only as to whether Defendants expressly discouraged inmates from filing complaints of staff. Doc. 130 at 27. The jury found no liability on this claim on the part of Defendants CCA or Wagner.

Plaintiffs now seek the Court's reconsideration of the Court's rulings on the federal theories that were previously dismissed, such as the involuntary servitude theory brought under the Thirteenth Amendment, as well as a retaliation claim. The Court has previously considered

both claims extensively, finding that the actions alleged by Plaintiffs did not constitute a violation of the Thirteenth Amendment (Doc. 76 at 16-19); and that the retaliation claim was not viable because no complaint had been made prior to the alleged retaliatory acts.  Doc. 130 at 10-11.  The Court considered each of these claims carefully, and sees no reason to consider them again.

### IV.   Punitive damages

In addition to awarding punitive damages in the amount of $1 million against Defendant Townes, the jury also awarded Plaintiff Spurlock $5,000 in punitive damages against Defendants CCA/Wagner, and Plaintiff Carrasco $50,000 in punitive damages against Defendants CCA/Wagner.  Plaintiffs request a finding by the Court that the law allows Plaintiffs Spurlock and Carrasco to recover from Defendants' CCA/Wagner the punitive damages which were awarded against Townes.  Plaintiffs base this argument entirely on a statement in *Medina v. Graham's Cowboys, Inc,* 113 N.M. 471, 475 (Ct. App. 1992), which requires an employer who has negligently hired or supervised an employee "to pay for *all damages* arising from" the employee's intentional torts in this context.  113 N.M. at 476.

However, as Defendants CCA/Wagner correctly note, the phrase lifted from *Medina* does not stand for the proposition suggested by Plaintiffs.  The holding in the case addressed comparative fault principles which extended an employer's liability to compensatory damages arising from the employee's conduct, as well as its own, where the employer was directly negligent.  On reading the phrase in context, the statement that an employer who has negligently hired an employee is required "to pay for *all* damages arising from an intentional tort of the employee," does not refer to payment for "all damages" including compensatory *and* punitive damages awarded against the employee.  *Medina* did not involve punitive damages, much less whether an employer had to pay

punitive damages awarded against an employee. *Medina* addressed whether an independently negligent employer can be held liable under respondeat superior principles for the *compensatory* damages stemming from the intentional tort of an employee. *Id*. at 862–64; *see also id*. at 863 ("There are still situations in which a party who is without fault is responsible for paying *compensatory* damages caused by the fault of another.") (emphasis added). Thus, CCA is not required to pay Townes' punitive damage awards.

## V.     Request for Certification

Plaintiffs request the Court to certify to the New Mexico Supreme Court two issues: (1) whether the compensatory damages awards against CCA can be offset by Plaintiffs' comparative fault; and (2) whether CCA can be held strictly liable for Townes' conduct under N.M.S.A. § 33–1–7.

I agree with Defendants that certification is unnecessary on these questions for two reasons.[8] First, this Court has already answered both questions. Certification is not appropriate when the federal court has already decided the issue the party seeks to certify. *Arnold v. Farmers Ins. Co. of Arizona*, 2011 WL 5220320, at *7 (D.N.M. 2011); *see also Boyd Rosene & Assoc., Inc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1364 (10th Cir.1999) ("Late requests for certification are rarely granted . . . and are generally disapproved, particularly when the district court has already ruled."). Second, and more importantly, neither of the questions posed by Plaintiffs warrant certification by the state court. *See Martinez v. Albuquerque Collection Services, Inc.*, 867 F.Supp. 1495, 1504 (D.N.M.

---

[8] Defendants also note that certification is not appropriate when raised post-judgment. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994) ("We generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court."); *Hartford Ins. Co. of the Midwest v. Cline*, 367 F. Supp.2d 1342, 1344 (D.N.M. 2005) (denying request for certification as untimely where request was made in a post-judgment motion). However, as Plaintiffs point out, the issue did not ripen until shortly before trial, because Defendants did not raise the issue in summary judgment.

1994) ("[T]he New Mexico certification procedure imposes its own prerequisite that there must be 'no controlling precedents in decisions of the New Mexico Supreme Court or the New Mexico Court of Appeals.'"). Issues presented for certification "should present a significant question of law under the New Mexico Constitution or be one of such substantial public interest that it should be determined by [the state supreme court]," and acceptance of certifications are limited to those where the "answer either disposes of the entire case or controversy, or disposes of a pivotal issue that defines the future course of the case." *Schlieter v. Carlos*, 775 P.2d 709, 710–11, 713 (N.M. 1989).

New Mexico law has sufficiently addressed these issues on which the Court has already made rulings. Plaintiffs' argument concerning strict liability under N.M.S.A. § 33–1–7 calls for an untenable and implausible reading of the statute, and thus there is no need for certification. *See Armijo v. Ex Cam, Inc,* 843 F.2d 406, 407 (10th Cir. 1988) ("Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law."). Certification is also not appropriate on the issue of offsetting compensatory damages against CCA based on the Plaintiffs' comparative negligence. There is nothing so peculiar about the facts of this case that they would not be governed by the traditional concepts of New Mexico tort law principles and New Mexico's comparative negligence doctrine. *See Schlieter v. Carlos*, 775 P.2d 709, 710–11, 713 (N.M. 1989) (acceptance of certifications are limited to issues where the "answer either disposes of the entire case or controversy, or disposes of a pivotal issue that defines the future course of the case").

## VI. Requests for Supplementation and Leave to File Additional Motions

Last, Plaintiffs request leave to supplement their Motion after trial transcripts become available and to file additional motions to enforce the judgment. The Court agrees with Defendants in viewing this as a request for "carte blanche" permission to continuing filing post-

judgment motions, with no foreseeable end in sight, and no deadlines to limit either the nature of number of such pleadings. Plaintiffs' request is denied.

## Conclusion

In sum, I find and conclude that Plaintiffs' motion is DENIED with respect to all matters raised except to the modification of the Judgment to clarify that Plaintiffs may collect the compensatory damages award from CCA based on the percentage of comparative negligence found by the jury, and are also entitled to collect those damages from Defendant Townes, as long as each Plaintiff does not collect more than the compensatory damages amount awarded by the jury. While the Court considers this to be more a clarification of the Judgment under Rule 59(e), rather than an amendment to the Judgment, the Judgment will be considered to be "amended."

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Alter or Amend the Judgment, Grant Judgment as a Matter of Law in Plaintiffs' Favor, Certify Questions of State Law, and Grant Leave for the Filing of Additional Motions to Enforce the Judgment **(Doc. 269)** is hereby DENIED for reasons described in the above Memorandum Opinion and Order, and GRANTED for reasons described in the above Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE