IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEATHER SPURLOCK,
SOPHIA CARRASCO, and
NINA CARRERA,

      Plaintiffs,

     v.                                                                      Civil No. 09cv786 WJ/SMV

ANTHONY TOWNES and BARBARA WAGNER,
in their individual capacities, and CORRECTIONS
CORPORATION OF AMERICA,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REVIEW CLERK'S ORDER SETTLING COSTS (DOC. 305)
and
GRANTING IN PART PLAINTIFFS' MOTION TO REVIEW CLERK'S SECOND ORDER SETTLING COSTS (DOC. 306)**

THIS MATTER comes before the Court upon Plaintiffs' Motion to Review Clerk's Order Settling Costs, filed July 13, 2012 **(Doc. 305)**, and Plaintiffs' Motion to Review Clerk's Second Order Settling Costs, filed July 13, 2012 **(Doc. 306)**. Having reviewed the parties' briefs and applicable law, I find that Plaintiffs' motion regarding Defendants' costs (Doc. 305) is well-taken and shall be granted; and that Plaintiffs' motion regarding their own costs (Doc. 306) is partially well-taken, and will be granted with regard to the amount of the reduction of allowable taxable costs.

BACKGROUND

Plaintiffs in this case were serving criminal sentences at the Camino Nuevo Correctional Center ("Camino Nuevo") in New Mexico during the time the alleged incidents occurred. They alleged Eighth Amendment and state law claims against Anthony Townes, a corrections officer at Camino Nuevo and CCA, a private contractor that operated Camino Nuevo during the relevant

time period, pursuant to a contract with the New Mexico Corrections Department.  The case proceeded to trial by a jury which found, inter alia, that Plaintiffs Spurlock and Carrasco were comparatively negligent on their state-law claims against Defendant CCA.

As stated in the Amended Judgment (Doc. 278),  the jury awarded Plaintiff Spurlock $100,000 in compensatory damages against CCA, reduced by the 54% comparative negligence.  The jury also awarded Plaintiff Spurlock $1 million in punitive damages against Defendant Townes, and $4,000 in punitive damages against CCA.  Plaintiff Carrasco obtained a compensatory damages award in the amount of $125,000, reduced to $100,000 to reflect the jury's finding of 20% comparative negligence. She also obtained an award of $1 million in punitive damages from Townes, and $50,000 in punitive damages from CCA. The Court allowed Plaintiffs Spurlock and Carraso to collect compensatory damages awarded from Defendant Townes, as long as the total amount recovered by Plaintiffs did not exceed the amount awarded by the jury.

Plaintiff Carrera obtained a jury award of $100,000 in compensatory damages against Townes.  No liability was found on the part of CCA.

Plaintiffs filed a motion to tax costs in the amount of $9,046.56, requesting that the Court tax this amount in their favor jointly and severally as to each Defendant.  Doc. 284.  Defendants CCA and Wagner ("CCA Defendants" for purposes of this Order) also filed a motion to tax costs on the grounds that CCA Defendants were the prevailing parties on all of Plaintiff Carrera's claims against them. Doc. 279.  Defendants objected to any award of costs to Plaintiffs that did not take into account the comparative fault assessed to Plaintiffs Spurlock and Carrasco.

## DISCUSSION

The Clerk's Order Settling Costs is subject to de novo review by the district court, in which the district court makes its own determinations of disputed issues. *See* Fed.R.Civ.P. 54(d)(1); *see also BDT Prods., Inc. v. Lexmark Int'l, Inc*., 405 F.3d 415, 418-19 (6th Cir. 2005).

**I.      Plaintiffs' Motion to Review Clerk's Order on Defendants' Motion for Costs (Doc. 305)**

The Clerk's Order allowed costs to be taxed against Plaintiff Carrera in favor of CCA Defendants in the amount of $3,853.01 and disallowed certain costs pertaining to transcripts in the amount of $232.12,  (Doc. 300).  Costs were allowed for service of process and subpoenas, and for the copying of records of the criminal investigation from Bernalillo County.  The Clerk also allowed costs of depositions and trial transcripts, which were found to be reasonably necessary in the litigation. Plaintiffs object to the Clerk's Order settling the CCA Defendants' costs and ask that the Court deny the bill of costs submitted by Defendants. (Doc. 305). Plaintiffs contend that the claims of each Plaintiff against each Defendant were closely interrelated and were based on the same body of evidence as well as the same legal theories.

In considering Plaintiffs' objections to the Clerk's award of costs to the CCA Defendants, the Court's starting point must be a determination as to whether Defendants can be considered to be prevailing parties, based on the jury's finding that CCA was not liable to Plaintiff Carrera. A prevailing plaintiff is one who succeeds on some significant issue in the litigation and thereby achieves some of the benefit sought in filing the lawsuit. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The CCA Defendants' position is necessarily based on the conclusion that this case has two prevailing parties, which is an insupportable conclusion in this case.

The problem is that the CCA Defendants espouse a more expansive view of the fee-shifting statute than is legally permissible, one that "would furnish windfalls to some defendants, making them better off because they were subject to a suit including frivolous claims." *Fox v.*

3

*Vice* 131 S.Ct. 2205, 2215 (2011) (addressing issue on federal and state actions). The jury's findings as to Plaintiff Carrera do not convert the CCA Defendants into prevailing parties. Plaintiffs are the prevailing parties in this case because they obtained favorable judgments on most of the claims. S*ee Knight v. Snap-On Tools Corp.* 3 F.3d 1398, 1403 (10th Cir. 1993) (one need not prevail on the entire claim to merit prevailing party status (citing *Rhinehart v. Nowlin,* 111 N.M. 319, 328 (Ct.App.1990)); *Barber v. T.D. Williamson, Inc..* 254 F.3d 1223, 1234 (10th Cir. 2001) (noting that courts "consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced") (citing *Head v. Medford,* 62 F.3d 351, 354 (11th Cir.1995)).[1]

On the other hand, a "prevailing" defendant is entitled to costs if the case "is litigated to judgment on the merits in favor of the defendant." *Christianbug Garment Co. v. EEOC,* 434 U.S. 412, 419-20 (1978). However, the defendant is permitted to receive only the portion of his fees that he would not have paid "but for the frivolous claim." *Fox v. Vice* 131 S.Ct. 2205, 2215 (2011). The Court agrees with Plaintiffs that there was significant overlap between the evidence concerning each Plaintiff's claims against Defendant Townes and the evidence concerning each Plaintiff's claims against the CCA Defendants. Thus, the CCA Defendants cannot be considered prevailing plaintiffs based on their success with regard to Plaintiff Carrera's claims against CCA. The evidence presented by the CCA Defendants would not have changed significantly if Ms. Carrera had not been a plaintiff, because the other Plaintiffs would still have called her as a witness, and CCA Defendants would still have obtained discovery about her for impeachment purposes. *See Fox*, 131 S.Ct. at 2215 (even work on a frivolous claim does

---

[1] *See also* Wright & Miller, *Federal Practice & Procedure,* § 2667 ("[u]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."); *Barber v. T.D. Williamson, Inc*., 254 F.3d 1223 (10th Cir. 2001) (terminated employee was the only prevailing party, in Title VII action, for purposes of entitlement to costs, when he prevailed on claim that employer created hostile work environment under Title VII, even though employee lost on claims that his termination was discriminatory and that he was discharged in retaliation for assertion of protected rights).

4

not warrant a fee award for a defendant if the same work was required for an overlapping, non-frivolous claim); *see also Ortega v. IBP, Inc*., 883 F.Supp. 558, 561 (D.Kan., 1995) (defendant was not entitled to a reduction in the taxing of costs because the depositions were used in both cases). Under the relevant case law and statutes, I find that the CCA Defendants are not entitled to costs under Rule 54(d)(1). Accordingly, Plaintiffs' objections to the Clerk's award of costs to the CCA Defendants are sustained, and the Court GRANTS Plaintiffs' motion for review of the Clerk's Order settling the CCA Defendants' costs.

**II.     Plaintiffs' Motion to Review Clerk's Order Regarding Plaintiffs' Costs (Doc. 306)**

Plaintiffs also seek a retaxing of the full measure of their requested costs. The Clerk's Second Order Settling Costs requested by Plaintiffs found the amount of taxable costs to be $8,263.59, which was then reduced by the percentage of comparative negligence as to Plaintiffs Spurlock and Carraso, bringing the amount of total taxable costs allowed to $2,148.53. Doc. 301. The Clerk disallowed certain costs relating to deposition and transcript costs in the amount of $782.97. In applying the jury's findings regarding comparative negligence to the taxing of costs, the Clerk relied on D.N.M.LR-Civ. 54.3, which states:

> In comparative fault cases, each party is taxed a percentage of the total taxable costs. The percentage of costs taxed need not equal the percentage of a party's fault; distribution of costs is left to the Court's discretion.

Doc. 301 at 3.

A.     <u>Timeliness of Objections</u>

The CCA Defendants contend that Plaintiffs have not adequately preserved the contested issues for judicial review by this Court, and that the objections are waived because they are untimely. The Court agrees with Plaintiffs that there is no requirement that Plaintiffs state all objections in response to Defendants bill of costs. It is sufficient for Plaintiffs to state objections to the CCA Defendants' bill of costs before the Clerk's order settling those costs in order to

preserve an issue for judicial review.  *See Bloomer v. United Parcel Service, Inc.*, 337 F.3d 1220, 1221 (10th Cir. 2003).  While Plaintiffs developed some of the issues raised more fully in the underlying motions to tax costs, they raised no new issues in response to the Clerk's order settling costs.   The CCA Defendants rely on cases which either have no precedential value or which are inapposite because they involve different levels of review, such as a review of objections to a magistrate judge's findings and recommendations.  As Plaintiffs note, a Clerk's order settling costs is essentially a "ministerial act" rather than a judicial ruling.  *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 453 (3d Cir. 2000).  Thus, Plaintiffs' objections are not untimely and were adequately preserved for judicial review.

B.    Comparative Negligence and Joint and Several Liability

Plaintiffs object to the reduction of costs on the basis of comparative negligence. They point to case law which allows the prevailing party to collect the full measure of taxable costs without a reduction for comparative fault, and also note that the sizable jury award of punitive damages against the CCA Defendants offsets any proposed reduction for comparative fault based on the amount of compensatory damages awarded.

Plaintiffs urge the Court to hold all Defendants jointly and severally liable for any overlapping costs against each Defendant in the manner consistent with the Court's handling of the overlapping awards of compensatory damages.  Based on the jury's finding that Plaintiffs were not comparatively negligent with regard to claims against Townes, the Court's Amended Judgment indicated that Plaintiffs were not limited to collecting the amount only from Defendant CCA and were entitled to collect compensatory damages from Defendant Townes, as long as Plaintiffs did not collect more than the compensatory damages awarded by the jury.  *See* Doc. 278 at 1; *see also* Doc. 277 at 7 (noting that the bar against double recovery "prevents a plaintiff

from collecting more than the compensatory amount awarded, but it does not require a plaintiff to collect *less than* that amount).

There is support for Plaintiffs' position that a prevailing party is generally entitled to costs even though the party may have received only partial damages under a comparative negligence statute. *See Weseloh-Hurtig v. Hepker,* 152 F.R.D. 198, 200 (D.Kan.,1993) (allowing full recovery of costs for prevailing party although that party received only partial damages under a comparative negligence statute); *Ortega v. IBP, Inc*., 883 F.Supp. 558, 561 (D.Kan.,1995).   However, the Court sees no reason to hold all Defendants jointly and severally liable for Plaintiffs' taxable costs because this Court's local rule D.N.M.LR-Civ. 54.3 carves out an exception for comparative fault cases.  In theory, the Court agrees with the Clerk's order reducing costs taxable against the CCA Defendants based on that rule. Also, there seems to be a distinction between holding a defendant jointly and severally liable for a wrongful act where the purpose is to ensure that a plaintiff is made whole, and requiring that defendant to share the costs incurred in the representation of another defendant who is represented by separate counsel (as occurred in this case).

While the Court finds that Plaintiffs' taxable costs should be reduced to some degree in order to allow for the jury's findings of comparative fault, the Court finds that the reduction by the Clerk went beyond what was appropriate.  Plaintiffs requested $9,046.56 in costs under §1920.  Doc. 284-2 at 1. Plaintiffs' total allowable taxable costs were reduced by 54% based on Ms. Spurlock's comparative fault, and then *further reduced* by another 20% based on Ms. Carrasco's comparative fault, resulting in a 74% reduction of allowable costs, and a final amount of $2,148.53 in taxable costs. This is an extremely unfair result where Plaintiffs were clearly the prevailing parties in this case.  First, the  54% reduction more than encompasses the 20% allotted

to Ms. Carraso.  Second,  the Court finds that even a 54% reduction in this case is excessive, and that a 10% total reduction of allowable costs is more in line with the jury's findings.

Plaintiffs describe the Clerk's orders settling costs as "anomalous" in that the award of the CCA Defendants' costs against Plaintiff Carrera ($3,853.01) exceeds the award of the other two successful Plaintiffs' costs against the CCA Defendants ($2,148.53), even though Defendants were on the losing end of a judgment against those two Plaintiffs with a total of more than $200,000 in compensatory and punitive damages against the CCA Defendants alone.  Doc. 305 at 4.  The Court's overruling of the Clerk's order with respect to Defendants' request for costs, in addition to the Court's adjustment of the Clerk's order regarding Plaintiffs' costs, adequately adjusts any inequities in the settling of the costs in this case.

Accordingly, the Court overrules the Clerk's Order settling costs with regard to the amount of  reduction based on comparative fault under  D.N.M.LR-Civ. 54.3.   The total amount of allowable taxable costs is $8,263.59, which reduced by 10%, is $7,437.23.

### C.       Service of Process and Copying Costs

The last matter concerns Plaintiffs' objection to the settling of costs with regard to service of process and copying for obtaining records of the criminal investigation from Bernalillo County.  Plaintiffs object to the Clerk's allowance of costs for Defendants, where those costs were denied to them.  The first part of Plaintiffs' objection is rendered moot by the Court's ruling that Defendants' are not entitled to any costs at all.  The remaining question is whether Plaintiffs are entitled to these costs under 28 U.S.C. § 1920.  Defendants' response to this issue is that Plaintiffs failed to submit appropriate documentation to support their request for the subpoena and copying fees, and the Court agrees with this assessment.

Defendants' bill of costs listed an amount of $178.50 for "Bernalillo County – document production." Doc. 280-1 at 8 (dated 6/23/2010). Receipts showing invoices for this amount were also included. On the other hand, Plaintiffs' bill of costs does not mention a request for $178.50 for the copying of the same records. Plaintiffs themselves note that they included the amount as an expense listed in their Motion for Attorney Fees and Expenses (Doc. 285-9 at 2), contending that these expenses should be considered as reimbursable expenses under 42 U.S.C. § 1988, rather than taxable costs under Rule 54(d). Having failed to include the request for copying costs in the bill of costs, Plaintiffs have not satisfied their burden of establishing a basis for those costs under § 1920. *See Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1258 (10th Cir. 1998) ("It is the party's burden to establish a basis for the costs that are sought."). Further, it is doubtful that Plaintiffs would be able to show that the costs for copying the documents pertaining to the underlying criminal investigation would belong in the category of taxable costs under § 1920, which covers copying costs of "any materials where the copies are necessarily obtained for use in the case." The phrase "for use in the case refers to materials actually prepared for use in presenting evidence to the court." *See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 174 F.R.D. 479, 484 (D.Colo.1997). There is nothing in Plaintiffs' bill of costs to support that these documents were actually used in this case for that purpose.[2]

Plaintiffs also listed an amount of $50 for the cost of a subpoena for an individual named "Maggie Toulouse Oliver" (Doc. 284-2, dated 4/5/2010), accompanied by a receipt stating the same. Doc. 284-3 at 5. However, there was no indication in the bill of costs that Ms. Oliver was the records custodian for the records concerning the underlying criminal investigation. Since Ms. Oliver was not listed as a witness for trial, the Clerk disallowed the cost. Doc. 301 at 2 ("The

---

[2] The Court makes no comment here on whether these copying costs would be reimbursable under § 1988.

9

subpoena fee for Maggie Toulouse Oliver is disallowed as this witness did not testify at trial."). Here again, Plaintiffs failed to satisfy their burden of demonstrating a basis for this cost in a way the Court could rule in their favor, and the Court will also disallow those amounts.

## CONCLUSION

In sum, I find and conclude that Defendants are not entitled to costs under Rule 54(d)(1). Accordingly, Plaintiffs' objections to the Clerk's award of costs to Defendants are sustained, and the Court GRANTS Plaintiffs' motion for review of the Clerk's Order settling costs in favor of CCA Defendants.

The Court also has conducted a de novo review of Plaintiffs' motion to review the Clerk's Order settling Plaintiffs' request for taxable costs, and finds and concludes that the total allowable costs against the CCA Defendants and in favor of Plaintiffs are consistent with the Clerk's finding of $8263.59. However, the Court overrules the Clerk's Order settling costs with regard to the amount of reduction based on comparative fault under D.N.M.LR-Civ. 54.3. The Court exercises its discretion to find and conclude that the allowable taxable costs should be reduced only by 10%, bringing the allowable costs for Plaintiffs and against the CCA Defendants to $7,437.23.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Review Clerk's Order Settling Costs (**Doc. 305**)(as to Defendants' costs) is hereby GRANTED in that costs shall not be taxed against Plaintiffs in favor of the CCA Defendants;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Review Clerk's Second Order Settling Costs (**Doc. 306**) (as to Plaintiffs' costs) is hereby GRANTED IN PART, and DENIED

IN PART, in that the amount of total allowable costs is $8,263.59 which, reduced by 10% to allow for Plaintiffs' comparative fault, amounts to $7,437.23.

_____
UNITED STATES DISTRICT JUDGE